STATE OF NEBRASKA, APPELLEE, V. $15,518 IN U.S. CURRENCY,
APPELLEE, VON O. EARY, INTERESTED PARTY, APPELLANT.

474 N.W.2d 659

Filed September 20, 1991.    No. 89-226.

Steven Lefler, of Lefler & Flick, for appellant.

Robert M. Spire, Attorney General, James H. Spears, and William L. Howland for appellee State.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

In this in rem proceeding the appellant, Von O. Eary, has never claimed a recognized legal standing to challenge the forfeiture to the state of $15,518 seized pursuant to a search warrant in a drug raid of an Omaha motel room occupied by the appellant and his companion.

We affirm the order of the district court for Douglas County forfeiting the money to the state, not for the reasons stated by the trial court, but because Eary failed to claim legal standing to challenge the forfeiture. When the record demonstrates that the decision of the trial court is correct, although such correctness is based on different grounds from those assigned by the trial court, the Supreme Court will affirm. *K & K Farming v. Federal Intermediate Credit Bank*, 237 Neb. 846, 468 N.W.2d 99 (1991).

Neb. Rev. Stat. § 28-431(4) (Reissue 1989) provides in substance that when money used in illegal drug transactions is seized by law enforcement officers, the county attorney of the county in which the money is seized shall institute a forfeiture

proceeding in the district court for that county. Any person having an interest in the money which has been seized may file an answer or demurrer to the petition of the county attorney. *"The answer or demurrer shall allege the claimant's interest in or liability involving such property."* (Emphasis supplied.) *Id.* In his answer, Eary claimed only that "he is an interested party in the proceedings *in that he was present at the location at the time of the execution of the search warrant."* (Emphasis supplied.) Before one is entitled to invoke jurisdiction of a court, one must have standing—some real interest in the subject matter in controversy. *Rexroad, Inc. v. S.I.D. No. 66,* 222 Neb. 618, 386 N.W.2d 433 (1986). Here, Eary has only claimed an interest in the seized money as one who was present during the execution of the search warrant. Eary's failure to claim some legal or equitable interest in the money seized pursuant to a search warrant hardly amounts to "some real interest in the subject matter in controversy." See, *Rexroad, Inc. v. S.I.D. No. 66, supra*; *U.S. v. $321,470.00, U.S. Currency,* 874 F.2d 298 (5th Cir. 1989).

Appellant, having failed to claim any legal or equitable interest in the money seized pursuant to a search warrant, has not established any standing to contest the forfeiture of the $15,518 to the state.

AFFIRMED.