## STATE OF NEBRASKA, APPELLANT, V. ONE 1986 TOYOTA 4-RUNNER AUTOMOBILE, VIN JT4RN62D7G0080435, APPELLEE.

510 N.W.2d 556

Filed August 31, 1993.   No. A-91-908.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellant.

Mark M. Sipple, of Luckey, Sipple, Hansen, Emerson & Schumacher, for appellee.

CONNOLLY, HANNON, and MILLER-LERMAN, Judges.

CONNOLLY, Judge.

The State of Nebraska appeals the Platte County District Court's finding that there was insufficient evidence to support a forfeiture of a vehicle under Neb. Rev. Stat. § 28-431 (Reissue 1989). We dismiss this appeal on the ground that this court does not have jurisdiction.

### ASSIGNMENT OF ERROR

The State claims that the district court erred when it found

that the State had not proven the elements of a forfeiture action under § 28-431 beyond a reasonable doubt.

## PROCEDURAL BACKGROUND

The State of Nebraska filed a petition for forfeiture of a 1986 Toyota 4-Runner motor vehicle, VIN JT4RN62D7G0080435, under § 28-431. An answer was filed by claimant Kenn Wayne Dickenson, alleging that he was the owner of the vehicle, but denying that it was used or intended for use in the transportation of a controlled substance. A trial was held, and the court held generally for the defendant and against the plaintiff. The State appealed the district court's order.

## STANDARD OF REVIEW

We cannot address the merits of the State's appeal unless the State has the right to appeal a forfeiture action brought under § 28-431. The State has filed an appeal under the general appeals statute, Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1992). In its brief, the State claims that a forfeiture action under § 28-431 is a civil action in equity, which therefore can be appealed, and that as in any equitable action, this court must review the record de novo. The State's claims regarding the rule of law on forfeitures under § 28-431 and its ability to appeal a final order are wrong and ignore well-established law.

The State cites *State v. Two IGT Video Poker Games*, 237 Neb. 145, 465 N.W.2d 453 (1991), in support of its argument that the forfeiture at issue in this case is a civil, equitable action. *Two IGT Video Poker Games* involved the forfeiture of two video poker machines, both gambling devices, brought pursuant to Neb. Rev. Stat. § 28-1111 (Reissue 1989). The State has specifically prohibited the possession of gambling devices when the owner knows the gambling device shall be used to advance unlawful gambling activity, as defined under Neb. Rev. Stat. § 28-1107 (Reissue 1989). The *Two IGT Video Poker Games* court stated that its standard of review was de novo, as forfeiture actions are generally considered as sounding in equity.

The holding in *Two IGT Video Poker Games* is inapplicable in this case for three reasons. First, forfeiture of gambling devices and forfeiture of vehicles are governed by two different

statutes. Forfeiture of gambling devices is controlled by § 28-1111, whereas forfeiture of vehicles connected with the distribution of a controlled substance is controlled by § 28-431. Second, the burden of proof under the two statutes is different. Under § 28-1111, the State, to effect a forfeiture, must show that the contraband is a gambling device and that the owner, distributor, transporter, or manufacturer of such a device knows it will be used in the advancement of unlawful gambling activity. Under § 28-431, the State must show, beyond a reasonable doubt, that the property to be forfeited was used to transport any controlled substance with intent to distribute or deliver. Third, the items to be forfeited differ in nature. Gambling devices have been found to be contraband per se. *State v. One Uzi Semi-Automatic 9mm Gun*, 589 A.2d 31 (Me. 1991). Contraband per se are objects which are intrinsically illegal in character. *Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S. Ct. 1246, 14 L. Ed. 2d 170 (1965). There is, however, nothing intrinsically illegal about a vehicle. Items which are contraband per se are subject to forfeiture despite the fact that they were illegally seized under the Fourth Amendment. However, evidence which is not contraband per se and is obtained in violation of the Fourth Amendment may not be used to sustain a forfeiture under § 28-431. *State v. One 1987 Toyota Pickup*, 233 Neb. 670, 447 N.W.2d 243 (1989). See *Plymouth Sedan v. Pennsylvania, supra.*

The Nebraska Supreme Court, in *State v. One 1987 Toyota Pickup, supra*, determined the forfeiture statute contained in § 28-431 was criminal and punitive in character, not civil and remedial. In *One 1987 Toyota Pickup*, in the action against the owner of the vehicle for possession of a controlled substance with intent to deliver, the trial court admitted evidence obtained in a search and seizure of the vehicle, which search and seizure violated the owner's Fourth Amendment rights. The trial court also admitted the illegally obtained evidence in the forfeiture action. The *One 1987 Toyota Pickup* court held that § 28-431 was criminal in character and that, therefore, double jeopardy principles applied to the forfeiture action. In addition, in *State v. 1987 Jeep Wagoneer*, 241 Neb. 397, 488 N.W.2d 546 (1992), involving the appeal of the claimant, the Nebraska Supreme

Court applied the same standard of review used in all criminal appeals. The court stated:

> We have held that § 28-431 is criminal in character. [Citation omitted.] In criminal cases, circumstantial evidence is to be treated the same as direct evidence, and the State, upon review, is entitled to have all conflicting evidence, direct and circumstantial, and the reasonable inferences which can be drawn from the evidence viewed in its favor. [Citation omitted.]

241 Neb. at 400, 488 N.W.2d at 548.

In the absence of specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *State v. Baird*, 238 Neb. 724, 472 N.W.2d 203 (1991). We find that a forfeiture under § 28-431 is a criminal action, and, therefore, the State's right to appeal is limited to the terms of Neb. Rev. Stat. §§ 29-2315.01 through 29-2316 (Reissue 1989 & Cum. Supp. 1992). As the State has failed to file an appeal pursuant to §§ 29-2315.01 through 29-2316, we dismiss.

APPEAL DISMISSED.