**Carlos VALENCIA LUCENA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 95–1651 (JP).**

United States District Court, D. Puerto Rico.

June 14, 1996.

---

130

Carlos Valencia Lucena, pro se.

Jorge Vega Pacheco, Assistant United States Attorney, Hato Rey, P.R. for respondent.

### OPINION AND ORDER

PIERAS, District Judge.

Mr. Carlos Valencia Lucena petitions for relief pursuant to 28 U.S.C. § 2255, seeking to modify the sentence imposed by this Court in Criminal Case No. 89–002(JP). The Court has before it petitioner's motion for relief (docket No. 2), respondent's opposition (docket No. 4), petitioner's reply (docket No. 6), and his supplementary reply (docket No. 7). Since the record and motions filed in this case clearly demonstrate that the petitioner is not entitled to relief under 28 U.S.C. § 2255, his petition is hereby **DENIED** without a hearing.

### I. PROCEDURAL BACKGROUND

A superseding indictment dated May 10, 1989, charged petitioner with conspiracy to import cocaine, in violation of 21 U.S.C. § 963, and conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. A petit jury was empaneled and sworn on August 29, 1989 (Crim.Case No. 89–002, docket No. 380(c)). On September 14, 1989, it returned its verdict that petitioner was guilty of both counts of the superseding indictment (Crim.Case No. 89–002, docket No. 407). On December 28, 1989, petitioner was sentenced to 120 months as to each count, said sentences to be served con-

currently with each other (Crim.Case No. 89–002, docket No. 470). Petitioner's sentence was affirmed on appeal, although the Court of Appeals for the First Circuit held that the District Court had not determined the reliability of the evidence as it pertained to the quantity of cocaine that was involved in the conspiracy. *See United States v. Valencia–Lucena*, 925 F.2d 506 (1st Cir.1991). The Court of Appeals remanded the case back to the District Court to allow both parties to present evidence with respect to this issue. After hearing the evidence and making findings of fact, the District Court resentenced petitioner to 235 months as to each count, said sentences to be served concurrently with each other (Crim.Case No. 89–002, docket No. 694). This sentence was affirmed by the Court of Appeals on March 2, 1993. *See United States v. Valencia–Lucena*, 988 F.2d 228 (1st Cir.1993).

In parallel proceedings, the Government sought forfeiture of property belonging to petitioner which was allegedly used to commit or facilitate the commission of the underlying drug offenses, in violation of 21 U.S.C. § 881(a)(7). In this proceeding—*United States v. One Urban Lot at Cacique Street No. 1904*, Civil Case No. 89–0918(JP)—the Government sought forfeiture of petitioner's residence. The District Court ordered the seizure of this property on July 7, 1989. Petitioner filed a claim on the property on August 21, 1989. During an Initial Scheduling Conference held in the forfeiture case on October 12, 1989, petitioner's counsel conceded that his client had been found guilty of the underlying drug offenses and, therefore, his claim contesting the forfeiture must be dismissed. In the Initial Scheduling Conference Order of October 13, 1989, the Court dismissed petitioner's claim on the ground that he was collaterally estopped by virtue of his criminal conviction from asserting any interest in the property. The District Court entered a decree of forfeiture on January 2, 1990, after resolving third-party claims to the property.

We summarize these key dates, underlining those relating to the criminal proceedings:

| | |
|---|---|
| Superseding Indictment | May 10, 1989 |
| Court Orders Seizure of 1904 Cacique Street | July 7, 1989 |
| Jury Empaneled and Sworn | August 29, 1989 |
| Jury Verdict of Guilty | September 14, 1989 |
| Initial Scheduling Conference in Forfeiture Case | October 12, 1989 |
| ISC Order, Dismissing Petitioner's Claim to Property | October 13, 1989 |
| Sentencing in Criminal Case | December 28, 1989 |
| Forfeiture Decree | January 2, 1990 |
| Resentencing in Criminal Case | January 15, 1992 |

Petitioner has now brought this motion pursuant to 28 U.S.C. § 2255, alleging that the sentence imposed on December 28, 1989, in Criminal Case No. 89–002(JP), violated the Double Jeopardy Clause of the Fifth Amendment. Petitioner claims that he was first punished for the underlying conduct of drug trafficking when the District Court dismissed his claim to the property located at 1904 Cacique Street on October 13, 1989. He asserts that his sentence in the criminal case on December 28, 1989, was a second punishment for the same conduct and thus violates the Double Jeopardy Clause of the Fifth Amendment.

## II. STANDARD FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code provides a mechanism for attacking the legality of a sentence. A petitioner may move to correct a sentence pursuant to 28 U.S.C. § 2255 only if: 1) the sentence was imposed in violation of the Constitution or laws of the United States, 2) the Court was without jurisdiction to impose such sentence, 3) the sentence was in excess of the maximum authorized by law, or 4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (1994). Failure to raise a constitutional issue on direct appeal bars raising the issue on collateral attack unless the defendant can show cause for the failure and actual prejudice. *Knight v. United States*, 37 F.3d 769, 774 (1st Cir.1994). However, failure to bring a claim of ineffective assistance of counsel on direct appeal is not subject to the cause and prejudice standard since a criminal defendant may still have been represented on appeal by the

counsel whose assistance the defendant is now challenging. *Id.*

## III. DISCUSSION OF PETITIONER'S MOTION FOR RELIEF

### A. Failure to Raise Double Jeopardy Issue on Direct Appeal

Valencia Lucena alleges that the assistance he received from counsel was ineffective to the point of offending the Sixth Amendment. Petitioner maintains that defense counsel should have recognized and raised at trial or on direct appeal the double jeopardy issues presented in this petition. Petitioner claims that the prejudice he has suffered is manifest since he would not be required to serve his sentence in the criminal case if his criminal prosecution violated the Double Jeopardy Clause.

■ Whether petitioner's right to effective assistance of counsel has been violated involves a two prong test: first, whether the performance of counsel fell below an objective standard of reasonableness, and second, whether counsel's performance was prejudicial to petitioner's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). In order to avoid examining counsel's conduct with the benefits of hindsight, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. Plaintiff must allege sufficient allegations to overcome the strong presumption that defense counsel provided adequate legal assistance. *Id.*

As discussed below, the first of the Supreme Court cases dealing with civil proceedings as punishment implicating the Double Jeopardy Clause was decided on May 15, 1989—long before petitioner's criminal trial. *See United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). In *Halper,* the Supreme Court held that a defendant who has already been punished in a criminal prosecution may not be subjected to an additional civil sanction if that civil sanction is not remedial, but rather serves the objective of deterrence or retribution. Subsequent Supreme Court cases expanded on the notion of civil proceedings as punishment. Even if this Court were to find that failing to raise the double jeopardy claim constituted ineffective assistance of counsel, our examination of the merits of petitioner's claim leads us to conclude he has not been prejudiced thereby.

### B. Double Jeopardy Analysis

#### 1. Traditional Double Jeopardy Principles

■ "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. Const. amend. V, § 2. The Supreme Court has held that this constitutional provision protects against three abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The prohibition against multiple punishments prevents the Government from seeking a second punishment because it is dissatisfied with the sanction obtained in the first proceeding. *Halper,* 490 U.S. at 451 n. 10, 109 S.Ct. at 1903 n. 10. The immense wealth accumulated by drug traffickers may also tempt the Government to use civil proceedings, with their lower burden of proof, to strip a criminal defendant of assets that can be used to mount a strong defense. Such an ulterior motive is offensive to the concept of due process of law underlying the Fifth Amendment. To prevail on a double jeopardy challenge, a defendant must establish five elements: (1) two or more punishments; (2) imposed in separate proceedings; (3) for the same offense; (4) against the same defendant; (5) by the same sovereign. *Halper,* 490 U.S. at 440, 109 S.Ct. at 1897.

#### 2. Recent Supreme Court Precedents on Civil Proceedings as Punishment

The trilogy of Supreme Court cases that currently guides double jeopardy analysis with respect to civil proceedings originates with *Halper.* In *Halper,* the Supreme Court was confronted with the issue of under what circumstances a civil penalty may constitute "punishment" for purposes of double jeopardy analysis. Halper managed a company

which provided medical services for patients eligible for federal Medicare benefits. Halper submitted 65 false claims for reimbursement for services rendered, resulting in an overpayment of $585. He was convicted for violating the criminal false claims and mail fraud statutes and was sentenced in July 1985 to two years imprisonment and fined $5,000.00. The Government then initiated civil proceedings under the False Claims Act, 31 U.S.C. §§ 3729–3731. Based on facts established by Halper's criminal conviction and incorporated in the civil suit, the District Court granted summary judgment for the Government. The False Claims Act permitted a civil sanction of $2,000.00 plus double damages and costs of the civil action. Given the 65 violations, Halper was subject to a civil statutory penalty of more than $130,-000.00 for acts that had resulted in a loss to the Government of $585.00.

The Supreme Court reviewed its jurisprudence and determined that "the Government is entitled to rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis." *Id.* at 446, 109 S.Ct. at 1900. However, civil sanctions may be so divorced from remedial goals that they constitute punishment for purpose of double jeopardy. In rejecting a civil-criminal dichotomy in determining whether a sanction was "punishment" for purposes of double jeopardy, the Court stated:

> [W]hile recourse to statutory language, structure, and intent is appropriate in identifying the inherent nature of a proceeding, or in determining the constitutional safeguards that must accompany those proceedings as a general matter, the approach is not well suited to the context of the "humane interests" safeguarded by the Double Jeopardy Clause's proscription of multiple punishments (citation omitted). This constitutional protection is intrinsically personal. Its violation can be identified only be assessing the character of the actual sanctions imposed on the individual by the machinery of the state (footnote omitted). In making this assessment, the labels "criminal" and "civil" are not of paramount importance. It is commonly understood that civil proceedings may advance punitive as well as remedial goals, and, conversely, that both punitive and remedial goals may be served by criminal penalties (citation and footnote omitted). The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law, and for the purposes of assessing whether a given sanction constitutes multiple punishment barred by the Double Jeopardy Clause, we must follow the notion where it leads.... Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment.

*Id.* at 446–48, 109 S.Ct. at 1901–02.

Under *Halper*, a civil sanction must solely serve a remedial purpose in order to avoid characterization as "punishment." "[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term." *Id.* at 448, 109 S.Ct. at 1902. The Court concluded that "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Id.* at 448–49, 109 S.Ct. at 1902.

*Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), involved a challenge under the Excessive Fines Clause of the Eighth Amendment to a drug-related civil forfeiture. State authorities executing a search warrant on Mr. Austin's mobile home and body shop discovered small amounts of marijuana and cocaine, a .22 caliber revolver, drug paraphernalia and approximately $4,700.00 in cash. Austin pleaded guilty to possession of cocaine with intent to distribute it. The Government then sought forfeiture of Austin's mobile home and auto body shop under 21 U.S.C. §§ 881(a)(4) and (7). Drawing on precedent, the Supreme

Court determined that the purpose of the Eighth Amendment was to limit the government's power to punish. *Austin,* 509 U.S. at 608–10, 113 S.Ct. at 2805 (citing *Browning–Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989)). The Supreme Court relied on *Halper* for the proposition that both civil and criminal proceedings can advance punitive goals. The Supreme Court concluded that "forfeiture generally and statutory in rem forfeiture in particular historically have been understood, as least in part, as punishment," and found nothing in 21 U.S.C. §§ 881(a)(4) and (7) "to contradict the historical understanding of forfeiture as punishment." *Austin,* 509 U.S. at 618, 113 S.Ct. at 2810. Justice Blackmun, writing for the majority, noted that when Congress added § 881(a)(7) in 1984, it recognized that "the traditional criminal sanctions of fine and imprisonment are inadequate to deter or punish the enormously profitable trade in dangerous drugs." *Id.* at 619, 113 S.Ct. at 2811 (citing S.Rep. No. 98–225, p. 191 (1983)). Relying on the historical understanding of in rem forfeiture as punishment and the legislative history of § 881, the Court concluded that forfeiture under 21 U.S.C. §§ 881(a)(4) and (7) constitutes payment to a sovereign as punishment for some offense and remanded the case for a determination whether the forfeiture at issue was constitutionally excessive. *Id.* at 621–23, 113 S.Ct. at 2812 (citing *Browning–Ferris,* 492 U.S. at 265, 109 S.Ct. at 2915).

The last of the trilogy, *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767, was decided in 1994. This case presented the issue of whether a state tax on the possession of illegal drugs assessed after the State had imposed a criminal penalty for the same conduct may violate the constitutional prohibition against successive punishments for the same offense. Montana's Dangerous Drug Tax required taxpayers to file a return within 72 hours of their arrest. Six members of the Kurth family were arrested and eventually pleaded guilty to drug charges for growing marijuana on their farm. The Montana Department of Revenue assessed the tax on dangerous drugs. The Kurths, who sought the protection of bankruptcy, objected to the State's claim for unpaid drug taxes and challenged the constitutionality of the tax. The Bankruptcy Court decided that the purpose of the drug tax was deterrence and punishment and concluded that the assessment constituted a form of double jeopardy given that the Kurths already had been prosecuted criminally. The Bankruptcy Court's decision was affirmed by the District Court and by the Court of Appeals for the Ninth Circuit.

The Supreme Court determined that the Montana's exaction, although denominated a tax, was punitive. Important to this conclusion was the fact that the "so-called tax is conditioned on the commission of a crime." *Id.* at ——, 114 S.Ct. at 1947. The Supreme Court found such a condition indicative of penal and prohibitory intent rather than the generation of revenue. *Id.* The Court concluded by stating: "Because Montana's tax is fairly characterized as punishment, the judgment of the Court of Appeals [that the tax constitutes a form of double jeopardy] must be affirmed." *Id.* at ——, 114 S.Ct. at 1948.

### 3. Subsequent Cases Decided by the Courts of Appeal

Various circuit courts have applied the principles announced in these three Supreme Court cases to civil forfeitures. The Court of Appeals for the Ninth Circuit has held that forfeiture proceedings pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) constitute punishment for double jeopardy purposes. *See United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *opinion amended on denial of reh'g,* 56 F.3d 41 (1995), *cert. granted sub nom. United States v. Ursery,* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996). It stated:

As the government notes, the specific holding in *Austin* was that the Eighth Amendment's Excessive Fines Clause applies to civil forfeitures actions. However, in determining whether the excessive Fines Clause applied, the Court found it necessary to determine, as we are required to determine here, whether the forfeiture statues at issue constituted *"punishment."* It employed the *Halper* test—the same test it had used to decide whether a civil

monetary penalty constituted "punishment" for purposes of the Double Jeopardy Clause—in making that determination. We believe that the only fair reading of the Court's decision in *Austin* is that it resolves the "punishment" issue with respect to forfeiture cases for purposes of the Double Jeopardy Clause as well as the Excessive Fines Clause. In short, if a forfeiture constitutes punishment under the *Halper* criteria, it constitutes "punishment" for purposes of *both* clauses.

*Id.* at 1219 (emphasis in original).

In contrast, the Court of Appeals for the Fifth Circuit determined that civil forfeiture of the proceeds from drug sales pursuant to 21 U.S.C. § 881(a)(6) was not punishment. *See United States v. Tilley,* 18 F.3d 295 (1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994). The Fifth Circuit noted that *Halper* did not involve unlawful proceeds and distinguished *Austin,* stating:

> The Supreme Court's recent opinion in *Austin v. United States* (citation omitted), does not affect our holding today. *Austin* (citation omitted) dealt with whether forfeitures under §§ 881(a)(4)—conveyances, or means of transporting drugs such as automobiles—and (a)(7)—real estate used in drug transactions—constituted punishment under the Excessive Fines Clause. In distinguishing the civil forfeiture in *One Lot Emerald Cut Stones,* 409 U.S. at 237, 93 S.Ct. at 493—a double jeopardy case in which a forfeiture was held not to constitute punishment—the *Austin* Court (citation omitted) stated that the forfeitures of conveyances and real estate have no correlation to, or proportionality with, the costs incurred by the government and society because of the large and unpredictable variances in the values of real estate and conveyances in comparison to the harm inflicted upon government and society by the criminal act. Unlike the real estate forfeiture statute that can result in the confiscation of the most modest mobile home or the stateliest mansion, the forfeiture of drug proceeds will always be directly proportional to the amount of drugs sold.... As we have held, these proceeds

are roughly proportional to the harm inflicted upon government and society by the drug sale. Thus, the logic of *Austin* is inapplicable to § 881(a)(6)—the forfeiture of drug proceeds.

*Tilley,* 18 F.3d at 299–300.

Both the Court of Appeals for the Eighth and Sixth Circuits have followed *Tilley* with respect to the forfeiture of illegal proceeds. *See United States v. Alexander,* 32 F.3d 1231 (8th Cir.1994); *United States v. Salinas,* 65 F.3d 551 (6th Cir.1995). However, the Sixth Circuit agreed with the Ninth Circuit's determination that forfeitures under 21 U.S.C. § 881(a)(7) involving real property used or intended to be used to facilitate a violation of § 881 can constitute a form of double jeopardy. *See United States v. Ursery,* 59 F.3d 568 (6th Cir.1995), *cert. granted* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996).

### C. Application to the Case at Bar

Petitioner seeks vacation of his criminal sentence on double jeopardy grounds. Therefore, he must show that the civil forfeiture proceedings were "punishment," that the civil and criminal cases were separate proceedings for the same offense against the same defendant by the same sovereign, and that jeopardy first attached in the civil forfeiture case. He cannot so show and his petition therefore fails.

■ The Government stresses that the Ninth Circuit is the only circuit that has held that the civil forfeiture of drug proceeds is punishment. However, the case at bar involves the forfeiture of an instrumentality used to facilitate a drug-trafficking crime, not drug proceeds. While the value of drug proceeds is always directly proportional to the value of the drugs traded, the same is not true of properties used to facilitate drug trafficking crimes. Moreover, while a defendant does not have any legally cognizable property interest in proceeds obtained from illegal activity, a residence such as petitioner's may be purchased with legally derived income and thereafter used to facilitate illegal drug transactions. For these reasons, we find that the cases relating to forfeitures under § 881(a)(6)—relating to drug proceeds—are inapposite to the case at bar.

*Austin* leads us to conclude that forfeiture under § 881(a)(7) is punishment. Although the First Circuit has held that forfeitures pursuant to § 881(a)(7) are remedial, not punitive, *see United States v. A Parcel of Land with a Building Located Thereon at 40 Moon Hill Road, Northbridge, Massachusetts,* 884 F.2d 41, 44 (1st Cir.1989), it did so before the Supreme Court's decision in *Austin.* Hence, this decision is no longer controlling. The *Austin* Court held that forfeitures under § 881(a)(7) were punishment for purposes of the Excessive Fines Clause of the Eighth Amendment. As noted above, the *Austin* court drew on double jeopardy jurisprudence in deciding the Excessive Fines issue. The Government does not explain why forfeitures under § 881(a)(7) should be considered punishment for purposes of the Excessive Fines Clause but not for purposes of the Double Jeopardy Clause. We find no explanation ourselves and therefore conclude that forfeiture of defendant's property at Cacique Street was punishment for purposes of the Double Jeopardy Clause. *Accord United States v. One Parcel of Real Property with Bldgs., Appurtenances, and Improvements,* 908 F.Supp. 1070, 1080 (D.R.I.1995) ("In light of the specific facts of this case, controlling Supreme Court precedent, especially *Austin,* and controlling First Circuit case law, this court determines that . . . forfeiture under 21 U.S.C. § 881(a)(7) is punishment"); *Ursery,* 59 F.3d at 573 ("Thus, under *Halper* and *Austin,* any civil forfeiture under 21 U.S.C. § 881(a)(7) constitutes punishment for double jeopardy purposes"); *United States v. 9844 S. Titan Court, Unit 9, Littleton, Colo.,* 75 F.3d 1470, 1484 (10th Cir.1996) ("We are constrained by *Halper, Austin,* and *Kurth Ranch* to conclude that forfeiture under § 881(a)(7) constitutes punishment").

▇ The Government also contends that the forfeiture and the criminal prosecution occurred in a single proceeding. We find no support for this claim. Although some courts have held that § 881 forfeiture proceedings and criminal proceedings are not separate prosecutions for purposes of the Double Jeopardy Clause, *see, e.g., United States v. Millán,* 2 F.3d 17, 20 (2nd Cir.1993), *cert. denied sub nom. Bottone v. United States,* 510 U.S. 1092, 114 S.Ct. 922, 127 L.Ed.2d 215 (1994), we have uncovered no such cases decided after *Kurth Ranch.* In *Kurth Ranch,* the Supreme Court held that the criminal case and the tax assessment were separate proceedings since they involved separate sanctions imposed in successive proceedings. *Kurth Ranch,* 511 U.S. at —— n. 21, 114 S.Ct. at 1947 n. 21. "In *Kurth Ranch* itself the tax proceeding was begun at the same time as the criminal prosecution; the Supreme Court did not think the fact that the two were pending contemporaneously matters." *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). Inaccurate is the Government's contention that the only purpose of the single proceeding rule is to protect against the possibility that the government will institute a second prosecution if it is dissatisfied with the punishment imposed in the first. The Court of Appeals for the Tenth Circuit belied this contention, stating:

> The Double Jeopardy Clause protects defendants against more than a prosecutor's dissatisfaction with the results of the first trial. The clause is implicated whenever a defendant is obliged to "marshal the resources and energies necessary for his defense more than once for the same alleged criminal acts."

*9844 S. Titan Court,* 75 F.3d at 1488 (citing *Abbate v. United States,* 359 U.S. 187, 198–99, 79 S.Ct. 666, 673, 3 L.Ed.2d 729 (1959)). The criminal and civil cases at issue were *parallel* proceedings. This adjective describes two separate things having a certain relationship one to the other. We therefore conclude that petitioner was punished twice in separate proceedings.

▇ The punishments were unquestionably imposed by the same sovereign—the United States Government. However, the Government contends that the punishments were not for the same offense. Under *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), and *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), two offenses are not the "same offense" for purposes of double

jeopardy if each "contains an element not contained in the other." *Dixon,* 509 U.S. at 696, 113 S.Ct. at 2856. "When only one offense contains an 'extra' element not found in the other, the latter is a lesser included offense of the former." *9844 S. Titan Court,* 75 F.3d at 1489 (citing *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)). While the forfeiture action requires proof of an element not contained in the criminal charge, *i.e.,* that the property was used to facilitate a drug trafficking crime, the criminal charge does not contain an element not included in the forfeiture proceeding. This is so because the forfeiture proceeding requires proof of the criminal offense, as demonstrated by the fact that the Court relied on plaintiff's criminal conviction in finding that he was collaterally estopped from asserting a claim to the property. As stated by the Sixth Circuit:

> We find that the forfeiture and conviction are punishment for the same offense because the forfeiture necessarily requires proof of the criminal offense.... [T]he fact remains that the government cannot confiscate [defendant's] residence without a showing that he was manufacturing marijuana. The criminal offense is in essence subsumed by the forfeiture statute and thus does not require an element of proof that is not required by the forfeiture action.

*Ursery,* 59 F.3d at 573–74; *accord Oakes v. United States,* 872 F.Supp. 817, 824 (E.D.Wash.1994) ("Any forfeiture under section 881(a)(7), therefore, requires a preceding violation of the controlled substance statutes"); *One Parcel of Real Property,* 908 F.Supp. at 1073 ("Any forfeiture pursuant to subsection (a)(7) requires a violation of the controlled substance statute. The civil forfeiture action and the criminal prosecution address the same violation of identical laws"); *9844 S. Titan Court,* 75 F.3d at 1490 ("For purposes of the government's *Blockburger* argument, we conclude that the crimes for which [defendant] was previously convicted constitute a 'species of lesser-included offense' in relation to the civil forfeiture."). Likewise, this Court concludes that both the criminal sentence and the civil forfeiture were punishments imposed for the same offense.

We reach the final segment of our analysis. Since petitioner seeks vacation of his criminal sentence, he must show that jeopardy first attached in the forfeiture proceeding. Once the Double Jeopardy Clause has come into play, "it is only the second proceeding that is constitutionally endangered." *United States v. Pierce,* 60 F.3d 886, 889 (1st Cir.1995), *petition for cert. filed,* — U.S. ——, 116 S.Ct. 2580, 135 L.Ed.2d 1094 (1995). Petitioner asserts that jeopardy attached in the forfeiture proceeding on October 13, 1989, when the Court ordered petitioner's claim to the property dismissed. He alleges that he was punished a second time on December 28, 1989, when he was sentenced in the criminal case. The First Circuit has rejected this argument.

In *Pierce,* the defendant sought on appeal to vacate his criminal drug conviction on double jeopardy grounds. Pierce was indicted on criminal charges and a jury was empaneled on December 1, 1993, and was sworn on December 8, 1993. This jury returned guilty verdicts on both counts of the indictment on December 19, 1993. Thereafter, on February 24, 1994, the government sought under § 881(a)(6) to forfeit money taken from Pierce at the time of his arrest. Pierce filed a claim in the forfeiture proceeding, which proceeded to a bench trial; an order of forfeiture issued on October 25, 1994. Subsequently, on November 1, 1994, Pierce was sentenced in the criminal case. On appeal, Pierce argued that the civil forfeiture order barred his criminal prosecution.

The Court of Appeals for the First Circuit rejected Pierce's claim, noting that jeopardy attaches in a criminal jury case when the jury is empaneled and sworn and that Pierce's criminal jury was empaneled and sworn several months prior to inception of the civil forfeiture proceeding. *Pierce,* 60 F.3d at 889; *accord United States v. Idowu,* 74 F.3d 387 (2d Cir.1996), *cert. denied* —— U.S. ——, 116 S.Ct. 1888, 135 L.Ed.2d 182 (1996). The Court of Appeals for the First Circuit stated:

> Pierce does not challenge any of the legal principles we have set forth; nor does he

dispute that jeopardy first attached in the criminal proceeding. Instead, he disagrees with our mode of analysis. Focusing on the Double Jeopardy Clause's prohibition against successive punishments, Pierce contends that the moment of punishment controls, asserting that "the issue is not so much which jeopardy attaches first as which jeopardy is first complete." Because jeopardy first "became complete," and punishment was first imposed (in the form of the judgment ordering forfeiture) in the civil proceeding, Pierce argues that his sentence in this case is a "successive punishment" precluded by the Clause. We are not persuaded.

*Pierce,* 60 F.3d at 889–90. The First Circuit rejected Pierce's attempt to alter the moment of attachment of jeopardy, finding that it would give a criminal defendant the right to "endure an unconstitutional second trial in the hope that it will both conclude first and lead to a more lenient punishment than that eventually imposed in the first trial, and then to object to the punishment imposed in the first trial on double jeopardy grounds." *Id.* at 890.

Petitioner's efforts to distinguish *Pierce* on the ground that he did not lay back and let the forfeiture case proceed without entering his objections is unconvincing. Pierce, like petitioner, made a claim in the civil forfeiture. We find no basis for distinguishing *Pierce* from the case at bar.

■ Jeopardy attached in petitioner's criminal case on August 29, 1989, when the jury was empaneled and sworn. No consensus exists with respect to when jeopardy attaches in civil forfeiture proceedings. *Compare United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994) (jeopardy attaches at the beginning of the hearing, when evidence is first presented to the trier of fact) (citing *Crist v. Bretz,* 437 U.S. 28, 32–36, 98 S.Ct. 2156, 2159–61, 57 L.Ed.2d 24 (1978)) *with United States v. Kearns,* 61 F.3d 1422, 1428 (9th Cir.1995) (Jeopardy attaches in civil forfeiture proceeding no earlier than date defendant answers forfeiture complaint) *and with Ursery,* 59 F.3d at 572 ("Jeopardy attaches in a nontrial forfeiture proceeding when the court accepts the stipulation of

forfeiture and enters the judgment of forfeiture"). However, this much is clear: for petitioner to prevail, he must show that jeopardy attached in the forfeiture case before August 29, 1989. Although petitioner answered the complaint on August 21, 1989, we find that this was insufficient for jeopardy to attach. Jeopardy does not attach in a criminal case merely upon entry of the defendant's plea but rather only when the jury is empaneled and sworn or when a guilty plea is accepted. Answering a forfeiture complaint is analogous to entering a plea in a criminal case and we therefore find that it alone is insufficient for jeopardy to attach. Since all other activity in the forfeiture proceeding occurred after August 29, 1989, jeopardy attached first in the criminal proceeding. Therefore, petitioner's claim that his criminal conviction violated the Double Jeopardy Clause fails.

■ Finally, petitioner alleges that revocation of his pilot's license was in violation of the Fifth Amendment's Due Process and Double Jeopardy Clauses. 28 U.S.C. § 2255 creates a mechanism for attacking the legality of a criminal sentence only. It does not grant this Court jurisdiction to determine whether petitioner was lawfully deprived of his pilot's license.

IT IS SO ORDERED.