STATE OF NEBRASKA, APPELLEE,
V. JUAN FRANCO, JR., APPELLANT.
594 N.W. 2d 633

Filed May 28, 1999.    No. S-98-645.

16

J. Malachy Sullivan, of Sodoro, Daly & Sodoro, P.C., for appellant.

Don Stenberg, Attorney General, and Mark D. Raffety for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

Wright, J.
## NATURE OF CASE
Juan Franco, Jr., was charged by information with one count of possession of a controlled substance with intent to deliver. Franco filed a plea in bar, alleging that the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions barred his prosecution because jeopardy had attached at the forfeiture trial involving property which was owned by Franco and in his possession at the time of the arrest. The district court denied the plea in bar, and Franco timely perfected this appeal.

## SCOPE OF REVIEW
■ An appeal from a denial of a plea in bar involves a question of law. *State v. White*, 254 Neb. 566, 577 N.W.2d 741 (1998).

■ Regarding questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the trial court. *State v. $1,947*, 255 Neb. 290, 583 N.W.2d 611 (1998).

## FACTS
On December 21, 1997, Franco was stopped in Lancaster County by the Nebraska State Patrol and placed under arrest for suspicion of possession of a controlled substance with intent to deliver. At the time of the arrest, the State Patrol also seized Franco's 1992 Chevrolet pickup and $2,190 in U.S. currency which Franco had in his possession.

On December 26, 1997, the State filed a forfeiture action against the pickup and the currency pursuant to Neb. Rev. Stat. § 28-431 (Cum. Supp. 1998). The petition alleged that on December 21, troopers from the Nebraska State Patrol seized $2,190 and Franco's pickup, which were in Franco's possession and used to facilitate a violation of chapter 28, article 4, of the Nebraska Revised Statutes. The petition requested that such property be forfeited to the State as provided by law.

On February 9, 1998, the State filed an information charging Franco with possession of a controlled substance with intent to deliver, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1995). On February 17, the forfeiture proceeding commenced, and evidence was adduced. The trial was not completed on that date, and the district court held the matter in recess until such

time as the trial could be completed. The next day, Franco filed a plea in bar, requesting the information be dismissed on the ground that prosecution of the possession case violated his double jeopardy protection as set forth in the 5th and 14th Amendments to the U.S. Constitution and article I, § 12, of the Nebraska Constitution.

On March 12, 1998, a hearing was held on the plea in bar, and the matter was taken under advisement. On June 3, the district court entered an order denying the plea in bar. The court stated:

> Section 28-416(1)[(a)] is designed to punish a person who possesses and delivers controlled substances illegally, with incarceration and/or a fine or probation. Section 28-431 is designed to be punitive against a person who, *inter alia*, uses money or vehicles to violate controlled substance laws, by forfeiture of his or her money and/or vehicles, as the case may be. While § 28-416(1)[(a)] and §28-431 can, and usually do, grow out of the nucleus of operative facts, they are separate offenses under the test enumerated in *Blockburger v. United States*, 284 U.S. 299 (1932). On the one hand, it is one offense to possess cocaine, with the intent to distribute, while, on the other hand, it is a separate offense to use a vehicle to illegally transport cocaine and a separate offense to use money to facilitate illegal trafficking in cocaine.
>
> The criminal case is not barred by the forfeiture case, since the two proceedings involve two separate offenses, under the *Blockburger* test.

A final disposition regarding the forfeiture action had not been rendered at the time the district court denied the plea in bar.

## ASSIGNMENT OF ERROR

Franco asserts that the district court erred in denying his plea in bar because the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions prohibited the State from bringing a criminal proceeding against him after jeopardy had already attached in a forfeiture action arising from the same set of facts.

## ANALYSIS

The issue is whether the prior forfeiture action barred the subsequent criminal proceeding against Franco. We begin our

analysis with *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996). In *United States v. Ursery, supra*, two cases were consolidated for purposes of the opinion, and a brief factual background is as follows:

In case No. 95-345, the government instituted civil forfeiture proceedings under 21 U.S.C. § 881(a)(7) against Ursery's house, alleging that it had been used to facilitate illegal drug transactions. Ursery settled that claim, but he was later convicted of manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1).

In case No. 95-346, Charles Arlt and James Wren were convicted of conspiracy to aid and abet the manufacture of methamphetamine, in violation of 21 U.S.C. § 846; conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 371; and other counts of money laundering, in violation of 18 U.S.C. § 1956. The government filed a civil in rem complaint against various property seized from, or titled to, Arlt and Wren, or Arlt's corporation, alleging that each item was subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) because it was involved in money laundering violative of 18 U.S.C. § 1956 and 21 U.S.C. § 881(a)(6) as the proceeds of felonious drug transactions. Litigation of the forfeiture action was deferred, and following the criminal convictions, the district court granted the government's motion for summary judgment in the forfeiture proceeding.

Relying upon *United States v. Halper*, 490 U.S. 435, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989), and *Austin v. United States*, 509 U.S. 602, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993), the U.S. Court of Appeals for the Sixth Circuit reversed Ursery's conviction, and the U.S. Court of Appeals for the Ninth Circuit reversed the forfeiture judgment against Arlt and Wren on the basis that the Double Jeopardy Clause prohibited the government from both punishing a defendant for a criminal offense and seeking forfeiture of his property for that same offense in a separate civil proceeding. The U.S. Supreme Court reversed the courts of appeals' judgment, concluding that the forfeiture actions were civil proceedings and that the Double Jeopardy Clause was not implicated.

The Court noted in *United States v. Ursery, supra*, that Congress has long authorized the government to bring parallel

criminal actions and in rem civil forfeiture actions based on the same underlying events. Relying on its opinion in *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S. Ct. 1099, 79 L. Ed. 2d 361 (1984), the Court stated that for double jeopardy purposes, an in rem civil forfeiture is a remedial civil sanction, distinct from potentially punitive in personam civil penalties, such as fines, and thus does not constitute a punishment. The Court proceeded to apply a two-part test to determine whether any of the forfeitures at issue were civil proceedings.

The test in *United States v. Ursery, supra*, inquired as to (1) whether Congress intended the statutory sanction to be criminal or civil and (2) whether the statutory sanction is so punitive in purpose or effect as to transform what was clearly intended as a civil sanction into a criminal one. See, also, *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997).

■ We recently utilized this test to determine whether an administrative license revocation proceeding was civil or criminal in nature for purposes of the Double Jeopardy Clause. See *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998). The protection provided by Nebraska's double jeopardy clause is coextensive with that provided by the U.S. Constitution. *Id.*

■ Whether the Legislature intended § 28-431 to define a civil or criminal sanction is a matter of statutory construction. Interpretation of a statute presents a question of law. *State ex rel. Garvey v. County Bd. of Comm.*, 253 Neb. 694, 573 N.W.2d 747 (1998). Thus, we are obligated to reach a conclusion independent of the determination reached by the trial court. See *State v. $1,947*, 255 Neb. 290, 583 N.W.2d 611 (1998).

Section 28-431 provides in relevant part:

(1) The following shall be seized without warrant . . . and the same shall be subject to forfeiture: . . . (f) all conveyances including, but not limited to, aircraft, vehicles, or vessels which are used, or intended for use, in transporting any controlled substance with intent to manufacture, distribute, deliver, dispense, export, or import such controlled substance in violation of the act; and (g) all money used, or intended to be used, to facilitate a violation of the act.

. . . .

(4) When any property described in subdivision (1)(f) or (g) of this section is seized, the person seizing the same shall cause to be filed, within ten days thereafter, in the district court of the county in which seizure was made, petition for disposition of such property. . . . The petition shall describe the property, state the name of the owner if known, allege the essential elements of the violation which is claimed to exist, and conclude with a prayer for disposition. . . . If the owner is unknown or there is a reasonable probability that there are unknown persons with interests in the property, the county attorney shall provide notice of the seizure and petition for disposition by publication . . . .

At any time after seizure and prior to court disposition, the owner of record of such property may petition the district court of the county in which seizure was made to release such property, and the court shall order the release of the property upon a showing by the owner that he or she had no knowledge that such property was being used in violation of the Uniform Controlled Substances Act.

. . . If the claimant proves by a preponderance of the evidence that he or she (a) has not used or intended to use the property to facilitate an offense in violation of the act, (b) has an interest in such property as owner or lienor or otherwise, acquired by him or her in good faith, and (c) at no time had any knowledge that such property was being or would be used in, or to facilitate, the violation of the act, the court shall order that such property or the value of the claimant's interest in such property be returned to the claimant.

In *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996), the Court evaluated 21 U.S.C. § 881 and 18 U.S.C. § 981 to determine whether forfeitures pursuant to these statutes violated the Double Jeopardy Clause. The Court concluded that there was little doubt that Congress intended forfeitures pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981 to be civil in nature. As support for this conclusion, the Court noted that 18 U.S.C. § 981 was entitled "Civil forfeiture," 518 U.S. at 288, and that both of the statutes were considered

"*in rem*," 518 U.S. at 289, and did not require notice to the owner of the property, allowed unclaimed property to be summarily forfeited, and placed the burden of proof on the property owner.

In contrast to 18 U.S.C. § 981, § 28-431 is not entitled "Civil forfeiture." Rather, it is found in chapter 28 of the Nebraska Revised Statutes, which is entitled "Crimes and Punishments." The placement of § 28-431 under this caption is some evidence but is not decisive of legislative intent to make the statute criminal in nature.

Unlike the federal courts, we have never directly addressed whether a forfeiture pursuant to § 28-431 is a civil in rem proceeding. In *State v. $15,518*, 239 Neb. 100, 474 N.W.2d 659 (1991), we began that analysis with the statement that we considered a forfeiture pursuant to § 28-431 to be in rem. However, we offered no explanation why we did not address the issue of legislative intent to treat forfeitures as civil or criminal in nature. On numerous occasions, we have concluded that § 28-431 was criminal in nature, a conclusion which undermines the claim that § 28-431 forfeitures are in rem. See, *State v. One 1985 Mercedes 190D Automobile*, 247 Neb. 335, 526 N.W.2d 657 (1995) (holding that review for sufficiency of evidence in forfeiture proceeding pursuant to § 28-431 is same as in criminal case); *State v. 1987 Jeep Wagoneer*, 241 Neb. 397, 488 N.W.2d 546 (1992) (noting that § 28-431(4) requires State to prove beyond reasonable doubt that property was used in violation of chapter 28); *State v. One 1987 Toyota Pickup*, 233 Neb. 670, 447 N.W.2d 243 (1989) (suggesting that Double Jeopardy Clause applied to forfeiture proceeding pursuant to § 28-431); *State v. $3,067.65 in U.S. Currency*, 4 Neb. App. 443, 545 N.W.2d 129 (1996) (holding that sufficiency of evidence review is same in criminal cases and in forfeiture cases); *State v. One 1986 Toyota 4-Runner*, 1 Neb. App. 1138, 510 N.W.2d 556 (1993) (holding that forfeiture actions under § 28-431 are criminal actions and, therefore, State's right to appeal is limited to terms of Neb. Rev. Stat. §§ 29-2315.01 through 29-2316 (Reissue 1995)). Contra, see, *State v. Two IGT Video Poker Games*, 237 Neb. 145, 465 N.W.2d 453 (1991) (holding that actions pursuant to Neb. Rev. Stat. § 28-1111

(Reissue 1995) for forfeiture of property are generally considered to be in rem, to sound in equity, and to apply a burden of proof of less than beyond a reasonable doubt).

Section 28-431 provides that at any time after seizure and prior to court disposition, the owner of record of the property may petition the district court of the county in which seizure was made to release such property and that the court shall order release of the property upon a showing by the owner that he or she had no knowledge that the property was being used in violation of chapter 28. Specifically, a claimant must show that he or she has not used or intended to use the property to facilitate an offense in violation of chapter 28; has an interest in the property as owner, lienor, or otherwise; acquired the property in good faith; and at no time had any knowledge that the property was being or would be used in, or to facilitate, a violation of chapter 28.

Section 28-431 then provides in relevant part:

> If there are no claims, if all claims are denied, or if the value of the property exceeds all claims granted *and it is shown beyond a reasonable doubt* that such property was used in violation of the act, the court shall order disposition of such property at such time as the property is no longer required as evidence in any criminal proceeding.

(Emphasis supplied.) Thus, the State must show beyond a reasonable doubt that the property seized was used in violation of chapter 28, article 4. This indicates the Legislature intended that § 28-431 should be considered criminal in nature.

■ Since *State v. One 1987 Toyota Pickup, supra*, this court has determined that the Legislature intended forfeiture actions pursuant to § 28-431 to be criminal proceedings. That interpretation was reinforced in *State v. 1987 Jeep Wagoneer, supra*, and *State v. One 1986 Toyota 4-Runner, supra*. The Legislature, having not attempted to modify the forfeiture proceeding under chapter 28, article 4, has acquiesced in our determination that actions pursuant to § 28-431 are criminal proceedings. In the absence of a legislative amendment to § 28-431, we cannot now say that the Legislature's intent has changed. *State v. One 1987 Toyota Pickup, supra*, still sets forth our interpretation of the legislative intent of § 28-431—that the statute is criminal in nature.

Since we have historically treated forfeiture actions pursuant to § 28-431 as being criminal, we need not address the second part of the test announced in *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996), which inquires as to whether a civil sanction is so punitive in purpose that it transforms the civil sanction into a criminal sanction.

We next consider whether Franco's conviction was barred by the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution or Neb. Const. art. I, § 12. The 5th Amendment, which is made applicable to the states through the 14th Amendment, provides in part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Neb. Const. art. I, § 12, provides: "No person shall . . . be twice put in jeopardy for the same offense." The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. White*, 254 Neb. 566, 577 N.W.2d 741 (1998).

It is well established in Nebraska that under Neb. Const. art. I, § 12, jeopardy attaches when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant. *State v. Detweiler*, 249 Neb. 485, 544 N.W.2d 83 (1996). A petition for the disposition of property seized from Franco during his arrest was filed by the State on December 26, 1997. The petition alleged that Franco's currency and pickup should be forfeited pursuant to § 28-431. We conclude that in forfeiture proceedings, jeopardy attaches when evidence is first presented to the trier of fact. On February 17, 1998, the forfeiture proceeding began. The parties filed a joint stipulation to some of the facts, and then the trial court noted in its journal that after adducing evidence, it recessed the proceeding. Therefore, jeopardy attached in the forfeiture proceeding. Franco asserts that to now prosecute him for a crime subjects him to multiple punishments for the same offense, in violation of the Double Jeopardy Clause.

In *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the U.S. Supreme Court announced a rule of statutory construction. The Court held that where the same act or transaction constitutes a violation of two distinct statu-

tory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

In other words, the *Blockburger*, or "same elements," test examines whether one offense contains an element not contained in the other. See *United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). If the two offenses contain the same elements, then they are the same offense and double jeopardy bars additional punishment and successive prosecution. *Id.*; *Blockburger v. United States, supra.* If the two offenses contain different elements, then they are not the same offense and double jeopardy is not a bar to additional punishment or successive prosecution. *United States v. Dixon, supra.*

Other jurisdictions that have characterized forfeiture actions as criminal proceedings have also relied upon the *Blockburger* test to decide whether double jeopardy is violated. See, *Chacon-Sanchez v. U.S.*, No. C-94-20768-JW, 1996 WL 341115 (N.D. Cal. June 13, 1996) (holding that punishment arising from civil forfeiture and imposition of separate criminal punishment do not constitute double jeopardy if punishments are not based upon same offense); *Valencia Lucena v. U.S.*, 933 F. Supp. 129 (D. Puerto Rico 1996) (holding that when forfeiture required proof of criminal offense, *Blockburger* prohibited subsequent prosecution); *State v. Cole*, 128 Wash. 2d 262, 906 P.2d 925 (1995) (dissent concluded forfeitures were punishment and held that under *Blockburger* test, forfeiture was barred, since it required proof of criminal violation).

In the case at bar, the district court, using *Blockburger*, analyzed §§ 28-416(1)(a) and 28-431. The court stated that violations of §§ 28-416(1)(a) and 28-431 can and usually do arise out of the same factual circumstances. The court found, however, that §§ 28-416(1)(a) and 28-431 define separate offenses because § 28-416(1)(a) addressed possession and delivery of a controlled substance, while in this case, § 28-431 addressed the use of a vehicle to illegally transport a controlled substance or the use of money to facilitate illegal trafficking of controlled substances.

We conclude, as did the district court, that the use of money or the use of a vehicle under § 28-431 is not an element of the

violation under § 28-416(1)(a) and that such use need not be proved to establish a possession with intent to distribute. However, *Blockburger* requires the court to consider whether § 28-431 requires proof of any element that is not an element of proof of possession with intent to distribute under § 28-416(1)(a). See, also, *Rutledge v. United States*, 517 U.S. 292, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996). Upon examination, we are unable to find any element within § 28-431 that is not a part of § 28-416(1)(a). A violation of § 28-431 necessarily requires proof of a violation of § 28-416(1)(a).

Prior to the U.S. Supreme Court's decision in *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996), a similar situation was analyzed by the U.S. District Court in *Valencia Lucena v. U.S., supra.* There, a defendant had been charged on May 10, 1989, with conspiracy to import cocaine, in violation of 21 U.S.C. § 963, and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The defendant was subsequently convicted and sentenced, and in parallel proceedings, the government sought forfeiture of property belonging to the defendant which was allegedly used to commit or facilitate the commission of the underlying drug offenses, in violation of 21 U.S.C. § 881(a)(7). In that proceeding, the government sought forfeiture of the defendant's residence. Since this case was decided prior to *Ursery*, the court analyzed the two charges as punishment imposed by the government under the analysis in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

In analyzing the two punishments, the U.S. District Court in *Valencia Lucena v. U.S., supra*, stated that while the forfeiture action required proof of an element not contained in the criminal charge, i.e., that the property was used to facilitate a drug trafficking crime, the criminal charge did not contain an element not included in the forfeiture action. This was so because the forfeiture action required proof of the criminal offense, as demonstrated by the fact that the court relied on the defendant's criminal conviction in finding that he was collaterally estopped from asserting a claim to the property. Any forfeiture under the statute required a preceding violation of the controlled sub-

stance statutes. The court noted that the criminal offense was, in essence, subsumed by the forfeiture statute and thus did not require an element of proof that was not required by the forfeiture action. In the case at bar, § 28-416(1)(a) is subsumed by § 28-431.

There may be situations where a defendant is not charged pursuant to § 28-416(1)(a) but is subject to forfeiture of property under § 28-431; for example, if the defendant knew that someone else was using the defendant's vehicle to facilitate a violation of chapter 28, article 4. However, that situation is not before us.

The *Blockburger* test is applied to prevent double punishment in a situation where the Legislature has in fact intended to provide a single punishment for the offense. Double jeopardy is inapplicable to those cases where the Legislature has intended to punish cumulatively in the same proceeding.

In *State v. Detweiler*, 249 Neb. 485, 496, 544 N.W.2d 83, 91 (1996), we noted:

"[S]imply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. . . .

"Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."

Quoting *Missouri v. Hunter*, 459 U.S. 359, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983).

We conclude that the Legislature intended that a defendant could be subject to cumulative punishments under §§ 28-416(1)(a) and 28-431. Where the Legislature has demonstrated an intent to permit cumulative punishments, the Double Jeopardy Clause is not violated as long as the cumulative punishments are imposed in a single proceeding. *State v. Detweiler, supra.*

## CONCLUSION

In the case at bar, Franco seeks to vacate his criminal conviction by showing that jeopardy first attached in the forfeiture proceeding. When the Double Jeopardy Clause applies, it is the second proceeding that is constitutionally endangered. *U.S. v. Pierce*, 60 F.3d 886 (1st Cir. 1995). Here, as the district court correctly determined, jeopardy attached when the judge began to hear the evidence on the forfeiture issue. See *State v. Detweiler, supra*. Since jeopardy attached as to the forfeiture, the district court erred in denying Franco's plea in bar to the possession charge. We therefore reverse the judgment of the district court and remand the cause with directions to sustain the plea in bar and dismiss the charge brought pursuant to § 28-416(1)(a).

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.