STATE OF NEBRASKA, APPELLANT,
V. BRIAN ERNEST SPOTTS, APPELLEE.
595 N.W. 2d 259

Filed June 4, 1999.    No. S-98-228.

Kent D. Turnbull, Lincoln County Attorney, for appellant.

R. Bradley Dawson and David T. Schroeder for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Brian Ernest Spotts was charged by information with possession of a controlled substance with intent to deliver, in violation of Neb. Rev. Stat. § 28-416 (Reissue 1995). The State also filed a petition for disposition of seized moneys, seeking forfeiture of $14,177 found on Spotts' person at the time of his arrest. Following a trial on the forfeiture action, pursuant to Neb. Rev. Stat. § 28-431 (Cum. Supp. 1998), the district court found in favor of the State, and Spotts forfeited the $14,177. Spotts filed a plea in bar to the information, alleging that subsequent prosecution would expose him to double jeopardy, contrary to the U.S. and Nebraska Constitutions. The plea in bar was sustained by the district court, and following the procedures set forth in Neb. Rev. Stat. § 29-2315.01 (Reissue 1995), the State timely perfected this appeal.

## SCOPE OF REVIEW

Issues regarding the grant or denial of a plea in bar are questions of law. See *State v. Belmarez*, 254 Neb. 467, 577 N.W.2d 264 (1998).

On questions of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court. *Id.*

## FACTS

In the first week of October 1997, the Nebraska State Patrol obtained a search warrant for property located at 210 West First Street in North Platte, Nebraska. It was suspected that a methamphetamine lab was being operated from the garage located at that residence. At approximately 7:20 p.m. on October 2, the warrant was executed. Around 9 p.m., Spotts was driving a vehicle on a public street past the residence. The State Patrol contacted a nearby sheriff's deputy and requested that he stop Spotts' vehicle because it had allegedly been seen in the garage where the methamphetamine lab was located.

Spotts' vehicle was stopped, and upon his arrival at the scene, Sgt. Dan Doggett of the State Patrol approached the vehicle. While standing by the passenger door, Doggett saw a substance on the floor of the car which he believed to be methamphetamine. According to the sheriff's deputy, Spotts consented to a pat-down search for weapons, and during the search, $14,177 was found on Spotts' person.

Spotts was then given the *Miranda* warnings and placed under arrest. During an interview with the police, Spotts admitted that he was unemployed, that he had received 2 ounces of methamphetamine for resale, and that he had sold 1 pound of methamphetamine in the prior 2 months.

On October 9, 1997, a petition for disposition of seized moneys was filed by the State, seeking forfeiture of the $14,177 found on Spotts' person at the time of his arrest. On December 18, Spotts was charged by information with possession with intent to distribute a controlled substance (methamphetamine), a Class III felony. Spotts stood mute to the criminal charge, and the district court entered a plea of not guilty on Spotts' behalf. The criminal prosecution was set for jury trial in March 1998. In December 1997, the $14,177 found on Spotts' person at the time of his arrest was forfeited pursuant to § 28-431.

On December 15, 1997, Spotts filed a plea in bar, alleging in pertinent part that the conduct which exposed Spotts to forfeiture of the $14,177 was the same conduct which exposed him to liability and punishment for the possession of methamphetamine. Spotts alleged that in order to forfeit the money found on his person, he would have had to commit one and the

same offense as charged in the information. Spotts asserted that the prosecution for possession of methamphetamine was barred because said prosecution would expose him to double jeopardy.

On January 26, 1998, the district court sustained Spotts' plea in bar and dismissed the information with prejudice. The State filed an application for leave to docket an appeal, pursuant to § 29-2315.01, and subsequently filed its notice of appeal.

## ASSIGNMENTS OF ERROR

The State assigns as error that the district court erred (1) in determining that *State v. One 1987 Toyota Pickup*, 233 Neb. 670, 447 N.W.2d 243 (1989), created or extended double jeopardy protection from multiple prosecution or multiple punishment on forfeiture proceedings; (2) in determining that a separate forfeiture action and a criminal proceeding constitute prosecution for the same offense, in violation of the Double Jeopardy Clause; and (3) in determining that forfeiture proceedings are so punitive as to constitute multiple punishment under the Double Jeopardy Clause.

## ANALYSIS

■ This case is controlled by our decision in *State v. Franco, ante* p. 15, 594 N.W.2d 633 (1999). In *Franco*, we acknowledged that since *One 1987 Toyota Pickup, supra*, we have determined that the Legislature intended forfeiture actions pursuant to § 28-431 to be criminal proceedings.

■ The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998).

In *Franco, supra*, a criminal defendant was charged with a crime and faced the forfeiture of personal property seized during his arrest. The district court concluded that the crime and the actions leading to forfeiture constituted separate criminal offenses, so that the prosecution of both was not barred by double jeopardy. On appeal, we disagreed and stated that a forfeiture action pursuant to § 28-431 necessarily required the proof of a violation of chapter 28 of the criminal code. In Franco's case, the violation of § 28-416(1)(a), the statute which charged him

with possession of a controlled substance, had to be proved. We deduced that § 28-416(1)(a) was subsumed within § 28-431 and that, thus, the two statutes were not defining separate offenses. In short, we held that the State could not seek forfeiture of property and then proceed in a criminal prosecution arising from the same set of facts without offending double jeopardy.

However, we then noted that the *Blockburger* test, enumerated in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), which is applied to prevent double punishment in situations where the Legislature intended to provide only for a single punishment, did not prevent the State from seeking a criminal prosecution and a forfeiture in the same proceeding if there was legislative intent to do so. We concluded that the Nebraska Legislature intended for punishments pursuant to §§ 28-416(1)(a) and 28-431 to be imposed cumulatively. Where the Legislature has demonstrated an intent to permit cumulative punishments, the Double Jeopardy Clause is not violated as long as the cumulative punishments are imposed in a single proceeding. *Franco, supra.*

The present appeal was docketed and briefed prior to our ruling in *Franco*. Although many of the issues raised by the State were addressed in *Franco*, some deserve further explanation. For example, the State argues that if forfeiture proceedings do in fact bar subsequent prosecution arising out of the same facts, then the court in *One 1987 Toyota Pickup, supra,* would not have allowed the forfeiture action in that case to be retried. In *One 1987 Toyota Pickup*, the defendant was found guilty of unlawful manufacture and distribution of a controlled substance and possession of marijuana weighing more than 1 pound. Subsequently, the defendant's 1987 Toyota pickup was condemned in a forfeiture action brought pursuant to § 28-431 (Reissue 1985). On appeal, we sustained the criminal convictions, but reversed the judgment in the forfeiture action and remanded the cause for a new trial. We held that the trial court had committed reversible error when it overruled the motion to suppress the defendant's pickup as evidence in the forfeiture action, on the grounds that the stop of the vehicle violated the Fourth Amendment to the U.S. Constitution.

In conjunction with this conclusion, we asserted that forfeiture actions pursuant to § 28-431 were criminal in character and that, therefore, double jeopardy principles applied. However, we stated that the trial court's error of admitting evidence obtained in violation of the defendant's constitutional rights was properly characterized as trial error and, thus, did not bar retrial of the forfeiture determination after a reversal. To the extent this analysis in *One 1987 Toyota Pickup* is in conflict with our reasoning in *State v. Franco, ante* p. 15, 594 N.W.2d 633 (1999), it is overruled.

In sustaining Spotts' plea in bar, the district court stated: "[I]f the forfeiture action arises out of the underlying criminal case, the State is placed in the position of having to decide whether to pursue the forfeiture proceeding or whether to pursue the criminal proceeding." We agree with that part of the district court's determination that the forfeiture action against Spotts' property and the criminal proceedings against Spotts were not prosecutions of separate offenses. We affirm the district court's judgment to the extent that it sustained the plea in bar on the basis that the Double Jeopardy Clause barred a second prosecution. Thus, the State's first and second assignments of error are without merit.

The State also claims the district court erred in determining that forfeiture proceedings are so punitive as to constitute multiple punishment under the Double Jeopardy Clause. Having concluded that forfeiture proceedings are in fact criminal proceedings, we do not engage in the multiple punishment analysis set forth in *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998). This assignment of error is also without merit.

## CONCLUSION

For the reasons set forth herein, we affirm the judgment of the district court sustaining Spotts' plea in bar.

AFFIRMED.