STATE OF NEBRASKA, APPELLEE, v. ALLISON P. ISHAM, APPELLANT.

625 N.W. 2d 511

Filed April 26, 2001. No. S-00-599.

· Sterling T. Huff, of Michael J. Javoronok Law Firm, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Allison P. Isham, was arrested for driving under the influence of alcohol. After Isham's driver's license was administratively revoked, she was charged with driving under the influence. Isham filed a plea in bar, contending that once her license was administratively revoked, any later criminal prosecution violated the Double Jeopardy Clauses of the Fifth Amendment to the U.S. Constitution and art. I, § 12, of the

Nebraska Constitution. The county court overruled the plea in bar, and the district court affirmed, applying *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998). We conclude that the Legislature intended administrative license revocation to be a civil sanction and that Isham has failed to show that it is so punitive in purpose or effect as to negate the Legislature's intent. Accordingly, we find no double jeopardy violation and affirm.

## BACKGROUND

On December 11, 1999, Isham was stopped by police officer Kurt D. Luce after he saw her disobey a traffic signal and observed that she was driving slowly. When Luce approached Isham, he could smell a moderate odor of alcohol and observed that her eyes were glassy and her speech was slurred. Luce had Isham perform several field sobriety tests, gave her a preliminary breath test, and then placed her under arrest. Isham was taken to the county jail, and an Intoxilyzer test was performed. The test revealed that Isham had an alcohol concentration level greater than the legal limit. Luce confiscated Isham's driver's license and provided her with a formal notice of administrative revocation.

Isham contested the administrative revocation of her license. Following a hearing, the hearing officer recommended that Isham's license be revoked. The director of the Department of Motor Vehicles adopted the findings of the hearing officer and revoked Isham's driver's license for 90 days beginning January 25, 2000.

Isham was also charged by complaint with driving under the influence of alcohol. On January 7, 2000, Isham appeared in county court and entered a plea of not guilty to the charge. On January 25, Isham made a motion to withdraw her plea and enter a plea in bar, contending that once her license was administratively revoked, any later criminal prosecution put her twice in jeopardy in violation of the Fifth Amendment to the U.S. Constitution and art. I, § 12, of the Nebraska Constitution. The county court sustained the motion to withdraw the plea. The county court then denied the plea in bar and entered a plea of not guilty on Isham's behalf. Isham appealed to the district court, which affirmed. Isham appeals.

## ASSIGNMENT OF ERROR

Isham assigns, rephrased, that the district court erred in affirming the order of the county court that overruled Isham's plea in bar.

## STANDARD OF REVIEW

A denial of a plea in bar involves a question of law. *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Rieger*, 260 Neb. 519, 618 N.W.2d 619 (2000); *State v. Sheets*, 260 Neb. 325, 618 N.W.2d 117 (2000).

## ANALYSIS

Isham contends that the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions prohibit both an administrative revocation of her driver's license and a prosecution for driving under the influence. In particular, Isham argues that the administrative revocation of a driver's license constitutes punishment for double jeopardy purposes and that any further criminal prosecution constitutes multiple punishments, which is forbidden by the Double Jeopardy Clauses.

The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998). The protection provided by the double jeopardy clause of the Nebraska Constitution is coextensive with that provided by the U.S. Constitution. See *State v. Howell, supra.*

Under Neb. Rev. Stat. § 60-6,206(1) (Reissue 1998), the director of the Department of Motor Vehicles shall revoke the driver's license of a person who is arrested either for refusing to submit to a chemical test or for having a concentration of .10 grams or more by weight of alcohol per 210 liters of breath. See Neb. Rev. Stat. § 60-6,196(1) (Supp. 1999). We have previously determined that the administrative revocation of a driver's license pursuant to § 60-6,206 after refusal to submit to a chemical test does not constitute punishment for purposes of double

jeopardy. *State v. Howell, supra*; *State v. Hansen*, 249 Neb. 177, 542 N.W.2d 424 (1996).

In *Hansen*, we relied on *United States v. Halper*, 490 U.S. 435, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989), and held that administrative license revocation was remedial in nature and, thus, did not expose a defendant to multiple punishments for the same offense. After *Hansen* was decided, the U.S. Supreme Court in *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997), abrogated the analysis used in *Halper* and reaffirmed its previously established analysis of multiple punishment under the Double Jeopardy Clause as set out in *United States v. Ward*, 448 U.S. 242, 100 S. Ct. 2636, 65 L. Ed. 2d 742 (1980), and *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963). See *State v. Howell, supra*. In *Howell*, we applied the analysis from *Hudson* and again reached the conclusion that administrative license revocation, coupled with prosecution for driving under the influence, did not violate principles of double jeopardy.

As we explained in *Howell*, in analyzing whether administrative license revocation under § 60-6,206 constitutes punishment for purposes of double jeopardy, we must inquire (1) whether the Legislature intended the statutory sanction to be criminal or civil and (2) whether the statutory sanction is so punitive in purpose or effect as to transform what was clearly intended as a civil sanction into a criminal one. See, also, *Hudson v. United States, supra*. As to the first part of the test, whether the Legislature intended a civil or criminal sanction is simply a matter of statutory construction. *Hudson v. United States, supra*; *State v. Howell, supra*. Regarding the second part of the test, once a determination is made that a sanction was intended to be civil in nature, "[a] court will reject the legislature's manifest intent only where a party challenging the [statute] provides the clearest proof that the statutory scheme is so punitive in either purpose or effect as to negate the State's intention." *Seling v. Young*, 531 U.S. 250, 261, 121 S. Ct. 727, 148 L. Ed. 2d 734 (2001). See, *Kansas v. Hendricks*, 521 U.S. 346, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997); *United States v. Ward, supra*; *State v. Howell, supra*.

 In analyzing whether the purpose or effect of the statute is so punitive as to negate the Legislature's intent, we consider the following factors:

> (1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of *scienter*"; (4) "whether its operation will promote the traditional aims of punishment—retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."

*Hudson v. United States*, 522 U.S. at 99-100, quoting *Kennedy v. Mendoza-Martinez, supra.* See *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998). These factors must be considered in relation to the statute on its face and are helpful, but are neither exhaustive nor dispositive. *United States v. Ward, supra*; *State v. Howell, supra.*

In *Howell*, we determined that the Legislature intended administrative license revocation to be a civil sanction because it specifically stated in Neb. Rev. Stat. 60-6,205(1) (Reissue 1998) that it intended administrative license revocation to protect the public from the health and safety hazards posed by drivers who are under the influence of alcohol. See, also, *State v. Hansen*, 249 Neb. 177, 542 N.W.2d 424 (1996). But Isham notes that before 1996, § 60-6,205(1) included a statement that the legislative purpose was also to "deter others from driving while under the influence of alcohol." See § 60-6,205(1) (Reissue 1993). Based on this language, Isham contends that administrative license revocation was intended to be punitive. Isham further points to legislative history to argue that the Legislature intended administrative license revocation to be punitive. We discussed these issues in *Howell*, however, and concluded that administrative license revocation was designed primarily to serve remedial purposes. See, also, *State v. Hansen, supra.*

In *Howell*, we stated that the mere presence of a deterrent purpose is insufficient to render a sanction criminal, noting that

all civil sanctions will have some deterrent effect. See, also, *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997); *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996). We also noted that administrative license revocation employs distinctly civil procedures. Finally, we stated that a driver's license is a privilege, not a right, and that revocation of a privilege is usually not considered punishment. See, also, *Hudson v. United States, supra*; *State v. Hansen, supra*. Thus, we concluded in *Howell* that the Legislature intended administrative license revocation to be a civil sanction and that Howell had failed to prove that it was not so punitive in purpose or effect as to negate the Legislature's intent. Like our decision in *Howell*, nearly every other court which has addressed the issue has also concluded that no double jeopardy problem is posed by the administrative suspension or revocation of a driver's license following a drunk driving arrest or refusal to submit to a chemical test. See *State v. Price*, 333 S.C. 267, 510 S.E.2d 215 (1998) (citing cases).

Isham also contends that our decisions in *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), and *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999), require a different result. In particular, Isham contends that the "same elements" test from *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), should be applied instead of the test from *Hudson v. United States, supra*. We disagree.

In *Franco*, we applied the *Hudson* test and determined that the Legislature intended forfeiture actions to be criminal proceedings. As a result, we were required to determine if the Double Jeopardy Clause prohibited cumulative punishments under both the forfeiture and the drug possession statutes. This analysis required a determination of whether there were violations of two distinct offenses or only one offense under *Blockburger v. United States, supra*. See, also, *State v. Spotts, supra*.

In this case, we have applied the same test utilized in *Franco*, but have determined that unlike forfeiture proceedings, administrative license revocation is civil in nature and is not so punitive in purpose or effect as to negate the Legislature's intent. Once this determination has been made, the analysis stops

because the Double Jeopardy Clause protects against only multiple criminal punishments or prosecutions. See *Hudson v. United States, supra.* Thus, *Blockburger* is not applied, and our decisions in *Franco* and *Spotts* do not change our analysis in this case.

## CONCLUSION

We conclude that the Legislature intended administrative license revocation to be a civil sanction and that Isham has failed to show that it is so punitive in purpose or effect as to negate the Legislature's intent. Accordingly, there are no multiple criminal punishments or prosecutions involved and no double jeopardy violation. The order of the district court is affirmed.

AFFIRMED.

GERRARD, J., concurring.

For the reasons stated in my concurrence in *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998), I concur in the judgment of the court.