STATE OF NEBRASKA, APPELLEE, V.
TRAVIS J. BISHOP, APPELLANT.
639 N.W.2d 409

Filed February 22, 2002.    No. S-01-291.

Michael D. Nelson, of Nelson McClellan, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Travis J. Bishop appeals from an order of the district court for Douglas County granting him postconviction relief in the form of a new direct appeal. He contends that because he received ineffective assistance of counsel at both the trial and appellate levels, his conviction and sentence should be vacated.

## FACTS

On December 10, 1998, Bishop was arrested in Douglas County and charged with various offenses, including unlawful possession of cocaine with intent to deliver and possession of money used or intended to be used to facilitate a violation of Neb. Rev. Stat. § 28-416 (Cum. Supp. 1998). The police seized $835 in cash from Bishop at the time of his arrest. On December 14, Bishop appeared with counsel before the Douglas County Court on the criminal charges and a date for a preliminary hearing was set.

On December 16, 1998, the State filed a "Petition for Disposition of Seized Property" in the district court for Douglas County pursuant to Neb. Rev. Stat. § 28-431 (Cum. Supp. 2000). The petition was captioned "The State of Nebraska, Plaintiff, vs. Eight Hundred Thirty Five Dollars in U.S. Currency, Defendant, and Travis J. Bishop, Interested Party." The State alleged that the money seized from Bishop on December 10 was intended for use to facilitate transactions involving controlled substances. The petition alleged that the "owner of the money is believed to be Travis J. Bishop."

Bishop was served with a copy of the petition by certified mail. The summons notified Bishop that he had been sued by the State and that he had 30 days to file an appropriate written response in answer to the petition "or such Petition will be taken as true and judgment entered accordingly for the relief demanded." Bishop did not answer or appear. Following an evidentiary hearing, the district court entered a decree on January 25, 1999, finding that the $835 seized from Bishop was used to facilitate a violation of § 28-416. The court ordered the $835 forfeited to the State.

On March 12, 1999, Bishop waived his right to a preliminary hearing and was bound over for trial on the criminal possession charges. On May 28, we decided *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), in which we held that forfeiture proceedings under § 28-431 are criminal in nature and that double jeopardy rights are violated when the State seeks to impose cumulative punishments for drug possession and forfeiture in separate proceedings.

Bishop's original attorney died on July 27, 1999, and the attorney's son, who was also an attorney and with whom the original attorney shared an office, assumed responsibility for Bishop's legal defense. On August 23, Bishop, while represented by this attorney, entered a plea of no contest to the charge of unlawful possession with intent to deliver a controlled substance. Before accepting the plea, the court asked defense counsel if he believed that the plea was consistent with the law and the facts and in Bishop's best interests. The attorney replied, "I believe it is in his best interests, and I can see no benefit to be obtained by proceeding to trial in this matter." On December 23, Bishop was sentenced to a term of 8 to 10 years' imprisonment.

On January 21, 2000, Bishop filed a pro se notice of appeal. The Douglas County public defender was appointed as his appellate counsel. The assistant public defender assigned to the case wrote to Bishop on February 11, informing him that the appellate brief was due April 12 and inviting Bishop to contact her with any questions or concerns. In a subsequent letter, this attorney informed Bishop that she had filed the brief on his behalf and enclosed a copy. Other than this correspondence, Bishop's appellate counsel had no contact with him before she filed his appellate brief. The only assignment of error set forth in the brief was a claim that Bishop's sentence was excessive.

Appellate counsel subsequently received a letter from Bishop dated May 18, 2000, in which he stated that he had been trying to contact her for a month. In the letter, Bishop asked counsel to contact him regarding additional issues he wished to include in his appellate brief. He also requested copies of various documents pertaining to his case including those from the forfeiture proceeding.

On or about April 20, 2000, Bishop filed a pro se motion in the Nebraska Court of Appeals requesting leave to file a supplemental brief. In this motion, Bishop stated that his appellate counsel had failed to communicate with him despite his efforts to contact her. Bishop further stated in the motion that he wished to argue on appeal that his trial counsel was ineffective, although he made no specific reference to a double jeopardy issue at that time.

On May 23, 2000, Bishop's appellate counsel received a copy of his motion and responded in a letter to him on the same date. She advised Bishop that his appeal was limited to matters which were reflected in the appellate record and that none of the additional issues he sought to raise in a supplemental brief were set forth in the record. She specifically advised him that "[t]he issues that you wish to raise regarding ineffective assistance of counsel are properly raised on a Motion for Postconviction Relief. This Motion can not [sic] be raised until your appeal to the Nebraska Court of Appeals is final." On May 26, the Nebraska Court of Appeals summarily affirmed Bishop's conviction and sentence and denied as moot his motion to file a supplemental brief. His appellate counsel notified him of this action by letter dated May 30, 2000, and advised him that he should begin the postconviction process.

On June 23, 2000, Bishop filed a verified motion for postconviction relief in which he alleged that his trial counsel was ineffective in failing to raise the issue of the prior forfeiture to the district court. With leave of court, he subsequently filed an amended motion in which he alleged facts pertaining to the seizure and forfeiture of the $835 in cash from his person at the time of his arrest on December 10, 1998. He alleged that he informed his trial counsel of these facts prior to entering his plea and that he entered his plea on the advice of said counsel. He further alleged that if he had been advised that the possession case was a separate criminal prosecution for the same offense involved in the forfeiture, he would have contested the charge. Bishop further alleged that his trial counsel was ineffective for failing to be fully informed of the facts and law and for failing to file a plea in bar or other appropriate motion to the charges in the possession case.

Bishop also alleged that his appellate counsel provided ineffective assistance because she failed to meet with him or otherwise discuss his case prior to filing the appellate brief and because she failed to assign as error the ineffective assistance of trial counsel in the direct appeal in order to preserve his right to postconviction relief. Bishop alleged that but for the ineffective assistance of his counsel, he would not have been convicted in the criminal possession case.

An evidentiary hearing on Bishop's amended postconviction motion was held on September 12, 2000. Bishop testified that all of the allegations in his amended motion were true. The attorney who represented him at the time of his plea testified via deposition that he represented Bishop only with respect to the possession charges and was not involved in any "money issue." He admitted that he had seen police reports indicating that $835 was seized from Bishop at the time of his arrest and that he was aware of the decision in *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), prior to the date on which Bishop entered his plea. He testified, however, that at all times prior to Bishop's entering a plea to the possession charges, he was completely unaware of the forfeiture proceedings and had not been advised of their existence by either the county attorney or Bishop.

The deposition of Bishop's appellate counsel was received in evidence at the postconviction hearing. In her testimony, appellate counsel admitted that at the time of her May 23, 2000, letter to Bishop, she was aware of Nebraska cases holding that an issue which could have been but was not raised on direct appeal is procedurally barred in a postconviction action. She further testified that when she received Bishop's letter of May 18, 2000, requesting copies of documents from the forfeiture proceedings and stating his allegations of ineffective assistance of trial counsel, she did not recognize a potential issue for appeal because there was nothing in the appellate record to support his claims and the time for filing the appellate brief had already passed.

The district court entered a detailed order on February 5, 2001, finding that Bishop had received ineffective assistance of counsel and granting him postconviction relief in the form of a new direct appeal. The court held that Bishop's appellate counsel was deficient in failing to investigate issues outside the four corners of the recorded proceedings and thus failing to discover the prior forfeiture action. In addressing whether appellate counsel's performance was prejudicial to Bishop, the court analyzed "how the result of the proceeding would have been different had Appellate Counsel argued on appeal that the Defendant's trial counsel . . . rendered ineffective assistance." In this analysis, the court found that trial counsel admitted that a review of

the police reports would have made him aware of the seizure of the $835 and that he was admittedly aware of the holding in *State v. Franco, supra*, prior to the date on which Bishop entered his plea. The court concluded that there was a reasonable probability that had the double jeopardy defense been asserted by trial counsel prior to sentencing, the result of the proceeding would have been different and that thus, Bishop made a showing of ineffective assistance of appellate counsel for failing to raise the issue of ineffective assistance of trial counsel.

With respect to the remedy, the district court reasoned that because Bishop failed to raise the issue of ineffective assistance of trial counsel on direct appeal, he was procedurally barred from making such claim in a postconviction action. The court thus concluded that Bishop was only entitled "at this time" to a new direct appeal, in which he could raise the issue of ineffective assistance of his trial counsel. Bishop filed a motion for reconsideration, which the court denied. He then filed this timely appeal. We granted Bishop's petition to bypass.

## ASSIGNMENTS OF ERROR
Bishop assigns that (1) his trial counsel was ineffective in failing to raise the double jeopardy defense after jeopardy attached at the prior forfeiture proceeding, (2) his appellate counsel was ineffective in failing to raise the issue of trial counsel's ineffective assistance in the direct appeal, (3) he was prejudiced by the deficient performance of both trial and appellate counsel, and (4) the district court erred by finding that he was procedurally barred from the full relief sought in his motion and therefore failing to vacate the conviction and sentence.

## STANDARD OF REVIEW
■ A criminal defendant requesting postconviction relief must establish the basis for such relief, and the factual findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Hunt*, 262 Neb. 648, 634 N.W.2d 475 (2001); *State v. Brunzo*, 262 Neb. 598, 634 N.W.2d 767 (2001).

■ Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Hunt, supra.*

## ANALYSIS

■ Section 28-431 is a component of the Uniform Controlled Substances Act as adopted in Nebraska. See Neb. Rev. Stat. § 28-401 et seq. (Reissue 1995, Cum. Supp. 2000 & Supp. 2001). The statute authorizes the seizure and forfeiture of various types of personal property used or intended to be used in connection with illegal trafficking of controlled substances, including "all money used, or intended to be used, to facilitate a violation of the act," § 28-431(1)(g). In *State v. Franco*, 257 Neb. 15, 24, 594 N.W.2d 633, 640 (1999), we held that § 28-431 was criminal in nature and that in forfeiture proceedings brought pursuant to the statute, "jeopardy attaches when evidence is first presented to the trier of fact." Applying these principles, we held that under the protection against double jeopardy afforded by the 5th and 14th Amendments to the U.S. Constitution and article I, § 12, of the Nebraska Constitution, a separate subsequent prosecution for possession of a controlled substance with intent to deliver in violation of § 28-416(1)(a) was barred. We reached the same conclusion on similar facts in *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999).

*Franco* and *Spotts* were decided after the forfeiture of the money seized from Bishop at the time of his arrest but before Bishop entered his no contest plea to a charge of unlawful possession of a controlled substance with intent to deliver. Reduced to its essence, Bishop's postconviction claim is that instead of advising him to enter a plea, his trial counsel should have informed him of the double jeopardy defense arising from the forfeiture and asserted it on his behalf in order to obtain a dismissal of the criminal charges filed against him. Bishop contends that his conviction was the product of a deprivation of his Sixth Amendment right to effective assistance of counsel and should therefore be vacated under the postconviction remedy afforded by Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1995).

■ A criminal defendant's right to effective assistance of counsel is one of the foundations upon which our criminal justice system is built. *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000). A conviction obtained in violation of a defendant's right to counsel is void. *State v. Stott*, 255 Neb. 438, 586 N.W.2d 436 (1998). To state a claim of ineffectiveness of counsel under

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and demonstrate that a conviction must be overturned, a defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defense. *State v. Ildefonso*, 262 Neb. 672, 634 N.W.2d 252 (2001). Normally, a voluntary guilty plea waives all defenses to a criminal charge. However, in a postconviction action brought by a defendant convicted on the basis of a guilty plea, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). We apply this principle in this case because a plea of no contest is equivalent to a plea of guilty. *State v. Buckman*, 259 Neb. 924, 613 N.W.2d 463 (2000).

■ Although the State has not filed a cross-appeal challenging the factual findings and conclusions of law made by the district court, the State argues in its brief that jeopardy did not attach in the forfeiture proceeding because Bishop did not file an answer and that therefore, neither his trial counsel nor his appellate counsel were ineffective in failing to raise the double jeopardy issue. We find this argument to be both improperly raised and without merit. A cross-appeal must be properly designated, pursuant to Neb. Ct. R. of Prac. 9D(4) (rev. 2000), if affirmative relief is to be obtained. *McDonald v. DeCamp Legal Servs.*, 260 Neb. 729, 619 N.W.2d 583 (2000). Affirmative relief, for purposes of appeal, is a reversal, vacation, or modification of a lower court's judgment, decree, or final order. *Id.* In this proceeding, the district court concluded that Bishop had received ineffective assistance of appellate counsel. As will be more fully discussed, such a conclusion in this case necessarily included a determination that trial counsel also rendered ineffective assistance. Any argument advanced by the State on appeal that neither counsel was ineffective is thus requesting a reversal or a modification of the district court's holding. As such, the argument should properly have been made on cross-appeal. We note, however, that Bishop's brief assigns as error and argues that both his trial counsel and appellate counsel were ineffective, even though the district court found in his favor on those issues. The State in this regard is simply responding to arguments Bishop himself presents on appeal, and for this reason, we address the merits of the argument advanced by the State that

since Bishop was not a party to the forfeiture, jeopardy did not attach to him at that proceeding.

The State named Bishop as an "Interested Party" in the forfeiture petition and specifically alleged that the "owner of the [seized] money is believed to be Travis J. Bishop." The summons served upon Bishop stated that if no answer was filed within 30 days after service, "such Petition will be taken as true and judgment entered accordingly for the relief demanded." The record reflects that Bishop received the summons and copy of the petition but did not file an answer. Thus, Bishop was clearly a party to the forfeiture action, although he did not contest it. While it is true that the defendants in *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), and *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999), appeared and contested the forfeiture proceedings, we did not rely on this fact in concluding that the proceedings were criminal in nature and resulted in the attachment of jeopardy. Although numerous courts have addressed similar issues, the State has not furnished, nor has our research disclosed, any authority in support of the State's argument that jeopardy does not attach in an uncontested forfeiture proceeding that is criminal in nature.

We therefore turn to Bishop's primary contention on appeal, which is that the new direct appeal ordered by the district court constituted inadequate relief for the denial of his Sixth Amendment rights. The Nebraska Postconviction Act provides that if a court "finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable" under the state or federal Constitution, "the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate." § 29-3001. Where the evidence establishes that such denial or infringement occurred only at the appeal stage of the former criminal proceedings, however, we have held that the postconviction remedy may be limited to a new direct appeal only. *State v. McCracken*, 260 Neb. 234, 615 N.W.2d 902 (2000), *abrogated on other grounds, State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002); *State v. Blunt*, 197 Neb. 82, 246 N.W.2d 727 (1976).

In the instant case, the district court reasoned that Bishop was procedurally barred from obtaining relief in this

postconviction proceeding based upon his ineffective assistance of trial counsel claim and thus awarded him a new direct appeal in which to litigate that claim. We disagree with this conclusion. It is clear from the record that the attorney who counseled Bishop at the time of his plea was not the same attorney who represented Bishop on his direct appeal. When a person seeking postconviction relief has different counsel on appeal than at trial, the motion for postconviction relief is procedurally barred if the person seeking relief (1) knew of the issues assigned in the postconviction motion at the time of the direct appeal, (2) failed to assign those issues on direct appeal, and (3) did not assign as error the failure of appellate counsel on direct appeal to raise the issues assigned in the postconviction motion. *State v. Williams*, 259 Neb. 234, 609 N.W.2d 313 (2000); *State v. Bennett*, 256 Neb. 747, 591 N.W.2d 779 (1999). Here, the record reflects that by the time of his direct appeal, Bishop was aware of the factual basis for his claim that his trial counsel was ineffective in not asserting the double jeopardy defense on his behalf. His appellate counsel did not assert this issue in his direct appeal. Because Bishop has alleged that appellate counsel was ineffective for not doing so, however, the issue was presented at the earliest opportunity in this postconviction proceeding and is not procedurally barred. See *State v. Williams, supra.* Compare *State v. Dandridge*, 255 Neb. 364, 585 N.W.2d 433 (1998) (holding postconviction claim of ineffective assistance of trial counsel procedurally barred where there was different counsel at trial than on direct appeal, trial counsel's performance was not raised on direct appeal, and no claim of ineffective assistance of appellate counsel was made in the postconviction proceeding). As we noted in *Williams*, a determination of whether or not a defendant was prejudiced by appellate counsel's failure to argue ineffective assistance of trial counsel on direct appeal necessarily requires a court in a postconviction proceeding to consider whether or not trial counsel was actually ineffective.

In this case, it cannot be said that the infringement of Bishop's right to counsel occurred "only at the appeal stage." While the district court correctly concluded that Bishop received ineffective assistance from appellate counsel, the very nature of the ineffective assistance found was the failure to assert, on direct appeal,

trial counsel's failure to properly advise Bishop regarding the double jeopardy defense before entry of the plea. The district court thus determined that trial counsel was ineffective. A new direct appeal could only reestablish what has already been established in this postconviction proceeding, i.e., that trial counsel should have advised Bishop concerning the double jeopardy defense before he entered his plea and that appellate counsel should have asserted this failure as grounds for reversal on direct appeal. If Bishop had received effective assistance of counsel with respect to his meritorious double jeopardy defense, he would not have been convicted or his conviction would have been vacated on direct appeal. Accordingly, the district court erred in granting Bishop a new direct appeal and should instead have vacated his conviction and discharged him from custody.

## CONCLUSION

For the reasons discussed, we affirm the determination of the district court that Bishop is entitled to postconviction relief, but reverse the court's determination that such relief should be in the form of a new direct appeal. Instead, we remand the cause to the district court with directions to vacate the judgment of conviction and discharge Bishop from custody.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.