Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/15/2023 08:06 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
JACOB EDWARD DOLINAR, APPELLANT.

___ N.W.2d ___

Filed September 15, 2023.    No. S-22-612.

1. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.
2. **Penalties and Forfeitures.** Forfeiture under Neb. Rev. Stat. § 28-431 (Reissue 2016), as amended by 2016 Neb. Laws, L.B. 1106, is civil in nature.
3. **Criminal Law: Double Jeopardy.** One of the abuses the Double Jeopardy Clause protects against is multiple criminal punishments in separate proceedings for the same offense.
4. **Double Jeopardy.** The Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment.
5. **Constitutional Law: Criminal Law: Double Jeopardy.** In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution, including criminal punishment.
6. **Criminal Law: Double Jeopardy.** The preliminary question in a double jeopardy analysis is whether a sanction can be fairly regarded as criminal in the first instance.
7. **Constitutional Law: Criminal Law: Double Jeopardy.** What will be considered criminal for purposes of double jeopardy is a constitutional question.
8. **Statutes.** Whether a particular sanction is criminal or civil is initially a matter of statutory construction.
9. **Legislature: Statutes.** A court must look to a statute on its face and determine whether, in establishing the penalizing mechanism, the Legislature either expressly or impliedly indicated a preference for one label or the other.
10. **Legislature: Statutes: Intent: Controlled Substances: Proof.** A court will reject the Legislature's manifest intent for a civil label only if

the party challenging the Uniform Controlled Substances Act provides the clearest proof that the statutory scheme is so punitive in either purpose or effect as to negate its intention.

11. **Penalties and Forfeitures.** Forfeiture in rem is distinguished from potentially punitive penalties such as fines that are in personam.

12. ____. Forfeiture in rem has a long tradition of being viewed as a civil sanction.

13. ____. Under the plain language of the statutory scheme as amended by 2016 Neb. Laws, L.B. 1106, the State has the option of pursuing forfeiture either through a separate civil proceeding under Neb. Rev. Stat. § 28-431 (Reissue 2016) or through sentencing in the underlying criminal proceeding as provided in Neb. Rev. Stat. § 28-416(18) (Cum. Supp. 2022).

14. **Criminal Law: Double Jeopardy: Legislature: Intent.** The Legislature has manifested its intent that proceedings under Neb. Rev. Stat. § 28-431 (Reissue 2016) shall no longer be considered criminal for purposes of a double jeopardy analysis.

15. **Statutes: Intent.** The nonexhaustive factors to be considered in determining if the actual punitive effects of a statute negate the intended nature of the sanction are: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.

16. **Double Jeopardy: Legislature: Intent: Penalties and Forfeiture.** Because the procedural mechanisms of forfeiture under Neb. Rev. Stat. § 28-431 (Reissue 2016) manifest the Legislature's intent that it be civil, and the forfeiture scheme under § 28-431 is not so punitive as to negate that intent, forfeiture under § 28-431 is not criminal punishment for purposes of the Double Jeopardy Clause.

17. **Criminal Law: Double Jeopardy.** No double jeopardy arises from a civil forfeiture proceeding and a criminal prosecution for the same act.

18. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.

Appeal from the District Court for Buffalo County: John H. Marsh, Judge. Affirmed.

Renee L. Mathias, of Berry Law, for appellant.

Michael T. Hilgers, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## INTRODUCTION

The appellant filed an appeal from the denial of his plea in bar alleging that a trial on the pending charges for violations of the Uniform Controlled Substances Act (Act)[1] would subject him to Double Jeopardy. The appellant claimed he was already criminally punished for the same crime through a judgment in a separate forfeiture action brought pursuant to § 28-431. The claim for forfeiture was brought against money seized from a vehicle in which the appellant was a passenger. Although served with a copy of the petition, the appellant did not appear to contest the forfeiture. In denying the plea in bar, the district court reasoned that the appellant had failed to demonstrate he was punished by the forfeiture because he had failed to show he had an ownership interest in the forfeited money. Because forfeiture under § 28-431 as amended in 2016 is civil in nature, we affirm the district court's order denying the appellant's plea in bar.

## BACKGROUND

### Charges

A criminal complaint was filed in county court against Jacob Edward Dolinar on October 25, 2021, charging him with distribution of a controlled substance and possession of drug paraphernalia in violation of the Act. The information against Dolinar was filed in district court on November 16, charging him with two counts of distribution of a controlled substance in violation of § 28-416(1)(a), a Class IIA felony.

---

[1] See Neb. Rev. Stat. §§ 28-401 to 28-456.01 and 28-458 to 28-476 (Reissue 2016 & Cum. Supp. 2022).

He was also charged with one count of possessing money used or intended to be used to obtain possession of a controlled substance or to facilitate the manufacture, distribution, delivery, or dispensing of a controlled substance in violation of § 28-416(17), a Class IV felony.

The probable cause affidavit in support of Dolinar's arrest described that Dolinar was a passenger of a vehicle subject to a traffic stop due to an expired registration. A search of the car found numerous tetrahydrocannabinol products, six receipts totaling $1,949.97 in marijuana purchased in dispensaries in Colorado, and $12,865 of mixed U.S. currency packaged in several rubberbands and located "under the passenger seat, driver's door, and in a backpack in the trunk."

## Forfeiture Action Under § 28-431

After the criminal complaint was filed in county court and before the information was filed in district court, the State filed in district court a separate petition for forfeiture under § 28-431, in case No. CI 21-673. The State alleged in the petition that "[b]ased on numerous indicators of criminal activity, criminal investigation, and other factors, Troopers believe . . . the subject currency was used or intended to be used to facilitate a violation of the . . . Act by potential claimants, [the driver] and . . . Dolinar." Dolinar was listed, along with the driver, as a person "with interest in this subject currency" and was served with the petition for forfeiture, a notice of hearing, and a summons. Dolinar did not file an answer or demurrer and did not otherwise participate in the forfeiture action. On December 15, 2021, the district court ordered the cash forfeited to the State.

## Plea in Bar

The charges from the November 16, 2021, information were still pending when the forfeiture order was entered. Dolinar filed a plea in bar against the information, arguing jeopardy had attached in the forfeiture action. He requested that the court dismiss the State's information with prejudice

pursuant to the Double Jeopardy Clause of the 5th and 14th Amendments to the U.S. Constitution and article I, § 12, of the Nebraska Constitution.

At the hearing on the plea in bar, the State argued that proceedings under § 28-431 are civil in nature, but, even if criminal in nature, Dolinar was not subjected to double jeopardy because he had failed to prove he had an ownership interest in the forfeited money. The State argued that Dolinar had only presented evidence he was a person entitled to notice of the forfeiture action pursuant to Neb. Rev. Stat. § 25-21,302 (Reissue 2016) and that he was the "possessor" of the money.

The court overruled the plea in bar. It did not reach the question of whether proceedings under § 28-431 are criminal versus civil in nature. Instead, the court reasoned there was nothing in the record establishing the money—subject of the separate forfeiture proceedings under § 28-431—belonged to Dolinar. The court explained that despite § 28-431(4)'s requiring the State to list in the complaint the owner of the property if known, the complaint filed in November listed no owner, and Dolinar made no claim to the money.

### ASSIGNMENT OF ERROR

Dolinar assigns that the trial court erred in overruling his plea in bar.

### STANDARD OF REVIEW

[1] Issues regarding the grant or denial of a plea in bar are questions of law.[2]

### ANALYSIS

[2] Dolinar asserts a trial on the charges in the November 16, 2021, information would violate the Double Jeopardy Clauses of the state and federal Constitutions because he was already subjected to criminal punishment for the same offense

---

[2] *State v. Muhannad*, 290 Neb. 59, 858 N.W.2d 598 (2015).

through the judgment in the forfeiture action brought under § 28-431. We have held that forfeiture proceedings under § 28-431 are criminal in nature, and thus, prosecution in a separate proceeding for the underlying violation of the Act would subject the defendant to Double Jeopardy.[3] Subsequently to such holdings, however, the Legislature amended § 28-431 to change the State's burden of proof to show the property was subject to forfeiture from "beyond a reasonable doubt" to "clear and convincing evidence." In *State v. $18,000*,[4] we rejected the argument that under this amendment the State still had to prove beyond a reasonable doubt that the property was subject to forfeiture. Because the question was not squarely before us, we left for another day whether forfeiture proceedings under § 28-431 remain criminal in nature. This appeal is the proper time to finally address that question. For the following reasons, we hold that forfeiture under § 28-431, as amended by 2016 Neb. Laws, L.B. 1106, is civil in nature.

[3] The Fifth Amendment to the U.S. Constitution provides in relevant part that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." Similarly, article I, § 12, of the Nebraska constitution provides, "No person shall be . . . twice put in jeopardy for the same offense." One of the abuses the Double Jeopardy Clause protects against is multiple criminal punishments in separate proceedings for the same offense.[5]

---

[3] See, *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999); *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999) (superseded by statute on other grounds as stated in *State v. $18,000*, 311 Neb. 621, 974 N.W.2d 290 (2022)); *State v. One 1985 Mercedes 190D Automobile*, 247 Neb. 335, 526 N.W.2d 657 (1995).

[4] *State v. $18,000, supra* note 3.

[5] See, *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997); *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996); *State v. Dragoo*, 277 Neb. 858, 765 N.W.2d 666 (2009); *State v. Franco, supra* note 3.

[4-7] The Double Jeopardy Clause does not prohibit the imposition of "all additional sanctions that could, in common parlance, be described as punishment."[6] Rather, in the constitutional sense, "jeopardy describes the risk that is traditionally associated with a criminal prosecution,"[7] including criminal punishment.[8] Thus, the preliminary question in a double jeopardy analysis is whether a sanction can be fairly regarded as criminal in the first instance.[9] What will be considered criminal for purposes of double jeopardy is a constitutional question.[10]

[8-10] Whether a particular sanction is criminal or civil is initially a matter of statutory construction.[11] A court must look to a statute on its face[12] and determine whether, in establishing the penalizing mechanism, the Legislature either expressly or impliedly indicated a preference for one label or the other.[13] A court will reject the Legislature's manifest intent for a civil label only if the party challenging the Act provides the "clearest proof" that the statutory scheme is "so punitive in either purpose or effect as to negate [its] intention."[14]

---

[6] *Hudson v. United States, supra* note 5, 522 U.S. at 99 (internal quotation marks omitted).

[7] *Breed v. Jones*, 421 U.S. 519, 528, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975) (internal quotation marks omitted).

[8] See *Hudson v. United States, supra* note 5.

[9] See, *id.*; *Garrity v. State Bd. of Plumbing*, 447 Md. 359, 383, 135 A.3d 452, 467 (2016).

[10] 6 Wayne R. LaFave et al., Criminal Procedure § 25.1(c) (4th ed. 2015).

[11] See, *Seling v. Young*, 531 U.S. 250, 121 S. Ct. 727, 148 L. Ed. 2d 734 (2001); *Hudson v. United States, supra* note 5; *Kansas v. Hendricks*, 521 U.S. 346, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997). See, also, *State v. Franco, supra* note 3.

[12] See, *Seling v. Young, supra* note 11; *Students for Sensible Drug Policy v. Spellings*, 523 F.3d 896 (8th Cir. 2008).

[13] *United States v. Ward*, 448 U.S. 242, 100 S. Ct. 2636, 65 L. Ed. 2d 742 (1980).

[14] *Seling v. Young, supra* note 11, 531 U.S. at 261.

In *United States v. Ursery*,[15] the U.S. Supreme Court found that the sanction under two different forfeiture laws was intended to be civil and was not so punitive in purpose or effect to negate Congress' intent. *Ursery* is particularly apposite to the case at bar.

[11,12] The Court in *Ursery* found Congress' intent that the sanctions be civil was most clearly demonstrated by structuring the laws to operate in rem. The Court explained that forfeiture in rem seeks to disgorge the fruits of illegal conduct by resorting to a legal fiction that the physical property held is guilty and condemned.[16] Forfeiture in rem is distinguished from potentially punitive penalties such as fines that are in personam.[17] The laws at issue were structured to be in rem by targeting the property itself rather than a person,[18] providing that laws "relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws . . . shall apply to seizures and forfeitures incurred" thereunder.[19] Forfeiture in rem, observed the Court, has a long tradition of being viewed as civil.[20]

The Court found other procedural mechanisms of the forfeiture laws further manifested Congress' intent that they be civil rather than criminal.[21] Under the two laws at issue, actual notice of the impending forfeitures was unnecessary when the government could not identify any party with an interest in the seized articles. The property was subject to forfeiture through a summary administrative procedure if no party filed a claim.[22] If a claimant appeared, the burden of proof was

---

[15] *United States v. Ursery, supra* note 5.

[16] See *id.*

[17] See *id.*

[18] See *id.*

[19] *Id.*, 518 U.S. at 288 (internal quotation marks omitted).

[20] See *United States v. Ursery, supra* note 5.

[21] See *id.*

[22] See *id.*

on the claimant to show an innocent ownership interest. The government had the burden of showing probable cause that the property was subject to forfeiture.[23] The Court reasoned that all these "distinctly civil procedures"[24] clearly expressed Congress' intent that the laws imposed a civil, not a criminal, sanction.

Section 28-431 has always shared many of the attributes the Supreme Court in *Ursery* found manifested a legislative preference for a civil label. Section 28-431 is structured as a proceeding in rem. It targets the seized property itself rather than the owner of the property, describing the seizure with or without a warrant of items violative of the Act or used or intended to be used to facilitate a violation of the Act.[25] Pursuant to § 28-431(4), actual notice of the impending forfeiture is unnecessary when the government cannot identify any party with an interest in the seized article. The petition must only state the name of the "owner if known."[26] Under § 28-431(6), if a claimant appears in the forfeiture action, the burden is on that claimant to prove the claimant is an innocent owner by showing the claimant

> (a) has not used or intended to use the property to facilitate an offense in violation of the act, (b) has an interest in such property as owner or lienor or otherwise, acquired by him or her in good faith, and (c) at no time had any actual knowledge that such property was being or would be used in, or to facilitate, the violation of the act.

Until amendments passed by L.B. 1106 in 2016, § 28-431 was dissimilar to the forfeiture laws addressed in *Ursery* in one notable way. Instead of a burden on the government to show probable cause that the property was subject to

---

[23] See *id.*

[24] *Id.*, 518 U.S. at 289 (internal quotation marks omitted).

[25] See, § 28-431(1); *State v. $ 15,518*, 239 Neb. 100, 474 N.W.2d 659 (1991).

[26] § 28-431(4).

forfeiture, the prior version of § 28-431 required the State to show "beyond a reasonable doubt" that the property was used in violation of the Act. Proof beyond a reasonable doubt is the standard necessary for procuring a criminal conviction.[27] This requirement does not apply to civil forfeiture proceedings.[28] In several cases, we held that forfeiture under the prior version of § 28-431 was criminal punishment and that it subjects a defendant to Double Jeopardy when the State pursues both forfeiture under § 28-431 and a separate criminal prosecution of the owner of the forfeited property.[29]

Pursuant to L.B. 1106, § 28-431(6) now provides in part that "[i]f there are no claims, if all claims are denied, or if the value of the property exceeds all claims granted and it is shown by clear and convincing evidence that such property was used in violation of the act," the court shall grant the petition for forfeiture. The State now has a civil burden of proof to show the property is subject to forfeiture.

Our reasoning that § 28-431 was criminal was based primarily on the fact that the Legislature set forth a criminal burden of proof rather than a civil burden of proof respecting the use of the property that subjected it to forfeiture. Thus, in *State v. One 1985 Mercedes 190D Automobile*,[30] we found forfeiture under § 28-431 was meaningfully different from forfeiture of gambling devices under Neb. Rev. Stat. § 28-1111 (Reissue 2016). Section 28-1111, which is civil in nature,[31] requires the State to prove by clear and convincing

---

[27] See, e.g., *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

[28] *Austin v. United States*, 509 U.S. 602, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993).

[29] See, *State v. Spotts, supra* note 3; *State v. Franco, supra* note 3; *State v. One 1985 Mercedes 190D Automobile, supra* note 3.

[30] *State v. One 1985 Mercedes 190D Automobile, supra* note 3.

[31] See, *id.*; *State v. $3,067.65 in U.S. Currency*, 4 Neb. App. 443, 545 N.W.2d 129 (1996).

evidence that the seized devices were used for gambling. We observed that § 28-431 required proof beyond a reasonable doubt, while § 28-1111 requires something "less than the State's 'beyond a reasonable doubt' burden of proof in a criminal trial."[32] Likewise, in *State v. Franco*[33] and *State v. Spotts*,[34] both decided before the 2016 amendment, we emphasized the beyond-a-reasonable-doubt standard of proof that was set forth in § 28-431.

In *Franco*, we also reasoned that by failing to amend § 28-431 in response to case law holding forfeiture under § 28-431 to be criminal punishment for purposes of Double Jeopardy, the Legislature had acquiesced to that determination. We said that in the absence of a legislative amendment to § 28-431, we could not conclude the Legislature's intent had changed.[35]

Because of L.B. 1106, we can no longer rely on the doctrine of legislative acquiescence to hold that forfeiture under § 28-431 is criminal punishment. Still, Dolinar suggests an amendment to § 28-416, which was also passed through L.B. 1106, shows the Legislature intended to maintain the criminal nature of § 28-431. Section 28-416 generally sets forth the illegal acts pertaining to controlled substances and their penalties. The Legislature amended § 28-416 to add subsection (18), allowing the sentencing court to order, in addition to the other punishment authorized for violating the Act, forfeiture of items the sentencing court finds by clear and convincing evidence were derived from, used, or intended to be used to facilitate a controlled substances violation. Dolinar points

---

[32] *State v. One 1985 Mercedes 190D Automobile, supra* note 3, 247 Neb. at 342, 526 N.W.2d at 663.

[33] *State v. Franco, supra* note 3. See, also, *State v. Bishop*, 263 Neb. 266, 639 N.W.2d 409 (2022); *State v. Spotts, supra* note 3.

[34] *State v. Spotts, supra* note 3.

[35] *State v. Franco, supra* note 3.

out that we discussed in *Spotts* and *Franco* that it would not violate the Double Jeopardy Clause to impose, in a single proceeding, both the punishments authorized under § 28-416 and forfeiture under § 28-431, and the addition of subsection (18) to § 28-416 codifies that arrangement. He argues it follows that the Legislature intended forfeiture will only be pursued in conjunction with a criminal conviction for violating the Act when imposed under § 28-416(18) as part of the sentencing in the single criminal proceeding.

[13] While we agree the Legislature clearly expressed its intent that forfeiture may be part of a defendant's sentence for violating the Act, we disagree with Dolinar's argument that this embodies an intention that sentencing under § 28-416(18) is the exclusive means of pursuing both sanctions in relation to the same underlying crime. Nothing in either § 28-416 or § 28-431, read individually or in pari materia, suggests § 28-416(18) is the exclusive avenue for pursuing both criminal punishment under the sentencing provisions of § 28-416 and the forfeiture of items derived from, used, or intended to be used to facilitate the violation of the Act. Furthermore, we note that § 28-427 provides, "Any penalty imposed for violation of the . . . Act shall be in addition to, and not in lieu of, any civil or administrative penalty or sanction authorized by law." Under the plain language of the statutory scheme as amended by L.B. 1106, the State has the option of pursuing forfeiture either through a separate civil proceeding under § 28-431 or through sentencing in the underlying criminal proceeding as provided in § 28-416(18). The availability of forfeiture as part of a defendant's sentence pursuant to § 28-416(18) has no bearing on the civil nature of forfeiture under § 28-431.

[14] Instead, we look to the language of § 28-431 to determine if it is civil or criminal. We find that by amending § 28-431 to eliminate the beyond-a-reasonable-doubt standard in favor of clear and convincing evidence, the Legislature

brought § 28-431 in line with other civil in rem proceedings.[36] The Legislature thereby manifested its intent that proceedings under § 28-431 shall no longer be considered criminal for purposes of a double jeopardy analysis.

[15] Looking to the factors set forth by the U.S. Supreme Court, we find no constitutional reason to negate this manifest intent. The nonexhaustive factors to be considered in determining if the actual punitive effects of a statute negate its intended civil nature are: (1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter"; (4) "whether its operation will promote the traditional aims of punishment— retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."[37] "[T]hese factors must be considered in relation to the statute on its face,"[38] and not by reference to the effect the law has on a single individual. No single factor is dispositive.[39]

We have already discussed that in rem forfeiture has not historically been regarded as criminal punishment. Section 28-431 serves the same important nonpunitive goals as the forfeiture laws addressed in *Ursery*, such as encouraging property owners to take care in managing their property, ensuring that individuals do not permit their property to be used for illegal purposes, and ensuring that individuals do not profit

---

[36] See Charles Basler, *Reforming Civil Asset Forfeiture: Ensuring Fairness and Due Process for Property Owners in Massachusetts*, 49 New Eng. L. Rev. 665 (2015).

[37] *Hudson v. United States, supra* note 5, 522 U.S. at 99-100 (internal quotation marks omitted)(emphasis omitted).

[38] *Id.*, 522 U.S. at 100 (internal quotation marks omitted).

[39] *Hudson v. United States, supra* note 5.

from their illegal acts. Also, like the forfeiture statutes in
*Ursery*, § 28-431 does not require the State to prove scienter
to establish that the property is subject to forfeiture.[40] The
"innocent owner" exception does not require the government
to demonstrate scienter because a connection between the
property and a particular person is not a necessary element of
the State's prima facie case.[41] Although the State must show
that the property was used in violation of the Act, "the fact
that a forfeiture statute has some connection to a criminal
violation is far from the clearest proof necessary to show that
a proceeding is criminal."[42] There are no other factors that
weigh in favor of negating the State's manifest intent.

[16] Because the procedural mechanisms of forfeiture
under § 28-431, as amended by L.B. 1106, manifest the
Legislature's intent that it be civil, and the forfeiture scheme
under § 28-431 as amended is not so punitive as to negate that
intent, forfeiture under § 28-431 as amended by L.B. 1106 is
not criminal punishment for purposes of the Double Jeopardy
Clause. Our holding that forfeiture under the prior version
of § 28-431 is criminal punishment for purposes of Double
Jeopardy has been superseded by the amendment to § 28-431,
which changed the State's burden of proof to clear and con-
vincing evidence.

[17,18] It is well established that no double jeopardy
arises from a civil forfeiture proceeding and a criminal
prosecution for the same act.[43] As a result, even assuming
Dolinar was a party to the forfeiture action and had an own-
ership interest in the forfeited money, he was not subjected
to jeopardy through the forfeiture of that money in the civil
action brought under § 28-431. We affirm the district court's

[40] See 28-431(6).

[41] See *United States v. Ursery, supra* note 5.

[42] *Id*., 518 U.S. at 292 (internal quotation marks omitted).

[43] See, *United States v. Ursery, supra* note 5; 15A Cyclopedia of Federal
Procedure § 88:18 (3d ed. July 2023 update).

order on the grounds that § 28-431 is civil for purposes of a double jeopardy analysis. We do not address the correctness of the district court's reasoning that Dolinar failed to show he was subjected to a prior punishment because he failed to demonstrate an ownership interest in the cash, as we are not obligated to engage in an analysis that is not needed to adjudicate the controversy before us.[44] Further, we do not address the constitutionality of the portion of § 28-431 imposing a burden of proof upon a property owner or claimant to avoid forfeiture, as such issue was not raised in this appeal.

## CONCLUSION

Because the sanction imposed by a forfeiture under § 28-431 is civil and not criminal for purposes of a double jeopardy analysis, the district court did not err in denying Dolinar's plea in bar based on a prior forfeiture pursuant to § 28-431.

Affirmed.

---

[44] *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015).